■ H. & B. AFFILIATES, INC., Appellant, v. LAURENCE J. RICE, INC., et al., Respondents, et al., Defendants.— In an action *inter alia* to foreclose a mechanic's lien, plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered September 1, 1972, as dismissed its first, second, third, sixth and eighth causes of action and awarded a monetary recovery to defendant Laurence J. Rice, Inc., upon its first counterclaim, after a nonjury trial. Judgment reversed insofar as appealed from, on the law and the facts and in the interests of justice, without costs, and new trial granted upon said causes of action and said counterclaim. In his opinion the Trial Justice said: "The parties have argued at length the meaning of the requirement in Article 18 of the contract that Rice make payment to Kendon 'within 30 days after receipt of the requisition from the Owner', but the court does not find it necessary to decide that issue for the contract also contained in Article 22 a provision that if any lien was filed or evidence of a claim presented for which Rice might become liable, Rice should have the right to retain out of any payment due or to become due an amount sufficient to indemnify itself against such lien or claim. As already noted, on September 5, 1968 the IRS served its levy on

Rice for $24,285.76 due from Kendon. By reason of that levy Rice was justified in refusing further payment to H & B, for the assignment of the Kendon contract to H & B was without consideration, with knowledge of the outstanding federal liens, *and, it may be inferred, made while Kendon was insolvent,* Debtor & Creditor Law § 270, 271, 273 " (emphasis supplied). He then proceeded to decide the case on the theory that the Debtor and Creditor Law applied. However, as appellant correctly points out, " if the issue of fraudulent conveyance or Kendon's insolvency had been raised either in the pleadings or in the course of the trial, appellant would have had an opportunity to meet the issue, and undoubtedly there would be more evidence in the record on that subject." Under the circumstances, there should be a new trial to afford the parties an opportunity to proffer any facts which they may possess to show the relevancy of the Debtor and Creditor Law to the facts at bar. Shapiro, Acting P. J., Christ, Brennan and Benjamin, JJ., concur; Cohalan, J., dissents and votes to affirm.