■ CLAIRE CULP, Respondent, v RICHARD CULP, Appellant.— In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), entered April 30, 1984, as, after a hearing, determined that the financial and property provisions of the parties' separation agreement were not unconscionable or the product of the plaintiff wife's overreaching and that the defendant had ratified the separation agreement.

Order affirmed insofar as appealed from, with costs.

Plaintiff wife and the defendant husband were married on October 21, 1973. In April of 1980 the parties entered into a separation agreement which provided, inter alia, that the defendant would pay the plaintiff the sum of $40 per week in child support (subject to upward or downward adjustment based on the consumer price index) for each of the parties' two children, and that the defendant would, in addition,

transfer his entire interest in the marital residence to the plaintiff.

In February 1982 the plaintiff commenced an action for a divorce on the ground that the parties had lived separate and apart, pursuant to the separation agreement, for a period in excess of one year (see, Domestic Relations Law § 170 [6]). The defendant did not appear to contest the divorce action, and the plaintiff was, therefore, awarded a judgment by default. The divorce judgment provided, in pertinent part, that the separation agreement was to survive the judgment and not be merged therein.

In December 1982 the defendant moved to vacate his default and additionally sought to contest the financial and property provisions of the separation agreement on the ground that these provisions were unconscionable and the product of overreaching on the part of the plaintiff. After a hearing, Special Term found that the defendant's default was inexcusable because he had been properly served with a summons with notice. The court, nevertheless, proceeded to address the merits of the defendant's claims and concluded that since he had ratified the agreement, and since its provisions were not unconscionable or the result of overreaching, said agreement should not be set aside. The defendant appeals from so much of Special Term's order as found the separation agreement to be valid.

Before addressing the propriety of Special Term's findings with regard to the enforceability of the financial and property provisions of the separation agreement, we find it necessary to point out that the defendant should have challenged these provisions by commencing a plenary action on the agreement itself, rather than by a motion to vacate the judgment which was entered upon his default. The separation agreement executed by the parties did not merge into the judgment of divorce but survived as a separate contract (see, Lewin v Lewin, 91 AD2d 649). Accordingly, even if Special Term had granted the defendant's application and modified the terms of the divorce judgment, or vacated the judgment in its entirety, the plaintiff's contractual rights and remedies with respect to the child support allocation and to the property provision contained in the underlying agreement would have remained unimpaired (see, Jaslow v Jaslow, 75 AD2d 876). The defendant should, therefore, have proceeded by way of a direct attack on the separation agreement and not the judgment of divorce (see, Baker v Baker, 66 NY2d 649; Kallman v Kallman, 60 AD2d 863).

In view of the fact that Special Term has already conducted a full hearing which was tantamount to a plenary trial, a review of the merits at this time would be appropriate.

Turning to the merits, in order to establish his entitlement to the relief requested, it was incumbent upon the defendant to demonstrate that the agreement was unfair when made and that there was overreaching in its execution (see, Levine v Levine, 56 NY2d 42). This he failed to do. Overreaching is not proven simply by the fact that the defendant was not represented by counsel when the agreement was executed (Levine v Levine, supra; Surlak v Surlak, 95 AD2d 371). Furthermore, the record supports the conclusion that the transfer of the defendant's interest in the marital residence to the plaintiff was not inequitable since the plaintiff contributed far more toward its purchase and maintenance than did the defendant. In addition, the child support provision was not excessive in amount.

The defendant's claim that he could not comprehend the separation agreement because of a reading deficiency and a mental disorder were negated by his own testimony that the document was carefully read and explained to him, as well as by the testimony of the plaintiff's attorney who indicated that the defendant was advised of the legal consequences of the agreement. Further, the record supports Special Term's conclusion that the defendant ratified the separation agreement by partially complying with its terms and by failing to seek nullification of it until December 1982 (see, Chasin v Chasin, 98 AD2d 788; Sheindlin v Sheindlin, 88 AD2d 930).

Accordingly, we conclude that the order should be affirmed insofar as appealed from. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.