■ DIANNE LAMBERT, Appellant, v LYLE LAMBERT, Respondent.—In a matrimonial action in which the parties were divorced by a judgment entered February 13, 1987, the plaintiff wife appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered June 17, 1987, as upon the motion of the defendant husband to set aside the separation agreement and the judgment of divorce based thereon, granted the motion to the extent of striking one provision of the separation agreement and the parallel provision in the judgment of divorce and directing that the marital residence be placed on the market at a price of at least $225,000 and directing the parties to accept the highest reasonable offer over $218,000 after 45 days of listing.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the husband's motion which was to strike the provisions of the separation agreement and judgment of divorce pertaining to the ownership of the marital residence is denied, and the stricken provisions of the separation agreement and judgment of divorce are reinstated.

The defendant husband moved to vacate a stipulation of settlement, separation agreement and judgment of divorce pursuant to CPLR 5015. The husband objected to those portions of the separation agreement and stipulation of settlement which allowed the wife to refinance the marital residence and, upon refinancing, to pay the husband $65,000 as his share of the equity in the premises. The husband claimed that he was induced to agree and accept less than the value of his interest in the marital residence based on his wife's assertion that she was unable to find suitable alternative housing for herself and the couple's infant daughter and thus was forced to remain in the marital residence. He alleged that the wife concealed her plans to remarry and sell the townhouse because, approximately two months after the separation agreement was executed, the wife announced her intention to remarry and move to her new husband's home with her

daughter. The court granted the husband's motion to the extent of striking the complained-of provisions in the separation agreement and judgment of divorce.

If voidable, a separation agreement may be set aside under principles of equity in an action in which such relief is sought in a cause of action or by way of affirmative defense *(Christian v Christian,* 42 NY2d 63). A separation agreement which, as here, is incorporated into but not merged with a judgment of divorce survives as a separate contract to which the parties are bound. Consequently, while a judgment of divorce can be attacked pursuant to CPLR 5015, the separation agreement will remain unimpeached unless challenged in a plenary action *(Culp v Culp,* 117 AD2d 700). It was error for the court to grant reformation of the separation agreement on the husband's motion.

In any event, it was error for the court to set aside a portion of the separation agreement upon a finding based on its own recollection of representations made at the settlement conference but dehors the record, that the parties intended for the wife to remain in the marital residence *(Marshall v Marshall,* 52 AD2d 841, *appeal dismissed* 39 NY2d 1053, *lv dismissed* 40 NY2d 805). A separation agreement cannot be reformed except upon clear and convincing proof of mutual mistake, fraud in the inducement or unilateral mistake *(Surlak v Surlak,* 95 AD2d 371). Absent a finding of fraud after a trial on the merits, the order appealed from was improper *(see, H & B Affiliates v Laurence J. Rice, Inc.,* 45 AD2d 857). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.