■ LILLIAN DARRAGH, Respondent, v NEIL J. DARRAGH, Appellant.—Yesawich, Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Weiner, J.), entered April 7, 1989 in Rockland County, which, *inter alia,* denied defendant's motion to annul a separation agreement contained in a stipulation of settlement.

Plaintiff's 1987 divorce action was pending when in October 1988 she and defendant entered into a written stipulation purporting to settle the action. The "stipulation of settlement" contains all the indicia of a separation agreement, including a detailed schedule for distribution of the marital property. Moreover, it was signed and subscribed by the parties *(see,* Domestic Relations Law § 236 [B] [3]), and both they and their counsel variously referred to the agreement as such throughout the course of this litigation.

Apart from effecting the transfer of title to the family home to plaintiff, neither party otherwise followed the agreement's mandate. Following considerable controversy between the parties regarding 1988 tax payments, defendant concluded that plaintiff's refusal to abide by the terms of the agreement made it inoperable. Proceeding by order to show cause, defendant sought a hearing to determine the validity of the separation agreement; in his view the agreement was a nullity having been procured by fraud and "more importantly because of the total lack of implementation of the agreement" on plaintiff's part. Plaintiff responded with her own order to show cause

---

* It is undisputed that the accident occurred on a curve and not an intersection.

seeking essentially specific enforcement of the agreement. Supreme Court denied both motions and defendant appealed. We affirm.

A separation agreement is a contract; as such it cannot be annulled by motion (see, e.g., Lambert v Lambert, 142 AD2d 557, 558). The claim that the separation agreement is voidable must be made in a plenary action seeking such relief, or asserted as an affirmative defense or counterclaim (see, 2 Foster, Freed & Brandes, Law and the Family New York § 12:62, at 1017-1022 [2d ed]; Surlak v Surlak, 95 AD2d 371, 381, appeal dismissed 61 NY2d 906; see also, Christian v Christian, 42 NY2d 63, 72). As that has not occurred here, Supreme Court correctly denied defendant's motion.

Order affirmed, without costs. Weiss, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J. P., and Levine, J., dissent and vote to reverse in a memorandum by Levine, J. Levine, J. (dissenting). We respectfully dissent. The instrument dated October 2, 1987, which defendant seeks to annul for fraud and plaintiff seeks to enforce, was executed during the pendency of the divorce action between the parties, is entitled a stipulation and recites that "the parties intend to *settle said pending suit* under the terms and conditions hereafter set forth in *this stipulation of settlement*" (emphasis supplied). The instrument authorizes plaintiff to obtain a default divorce, subject to defendant's right to receive advance notice and copies of proposed findings of fact and conclusions of law and the proposed judgment. It in fact resolved all disputed issues in the divorce, including those regarding equitable distribution and maintenance.

There does not seem to be any question but that the divorce action has not yet been fully and formally concluded. Therefore, in our view, the stipulation, despite its having many of the earmarks of a separation agreement and the fact that a number of the parties' obligations thereunder are still executory, is subject to vacatur or enforcement by motion in the still pending action, without the requirement of a plenary suit for such forms of relief. This clearly is the lesson of *Teitelbaum Holdings v Gold* (48 NY2d 51). It has been applied as to matrimonial litigation stipulations *(Handel v Handel,* 94 AD2d 696), including those involving executory obligations for disposing of spousal property, which is at the heart of the parties' dispute here *(see, Bezio v Bezio,* 79 AD2d 837, *lv denied* 53 NY2d 601). An evidentiary hearing before Supreme Court is available to resolve any contested issues of fact *(see,*

*Teitelbaum Holdings v Gold, supra,* at 55, n 2; *Consolidated Rail Corp. v Industrial Scrap Processing Corp.,* 97 AD2d 532).

Consequently, we would reverse and remit to Supreme Court for further proceedings to hear and resolve the parties' cross applications and then, one would hope, finally dispose of this unduly protracted matrimonial litigation.