■ JOHN B. ARQUIETTE, Appellant, v MARGARET C. ARQUIETTE, Respondent.—Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: Plaintiff appeals from that portion of an order which set aside the parties' stipulation concerning distribution of the marital residence and which modified the judgment of divorce to delete a stay upon the distribution of a pension. Although the record supports the court's finding that plaintiff had failed to disclose a material fact concerning such property, it was error for the court to set aside the distribution without making a finding that the stipulated agreement was rendered unfair or inequitable by that nondisclosure (see, Grunfeld v Grunfeld, 123 AD2d 64; Dayton v Dayton, 175 AD2d 427; Martin v Martin, 74 AD2d 419). Moreover, because the record

fails to reveal that the provisions of the stipulated agreement were severable, had the court had a basis to do so, it should have set aside the entire agreement, not just that provision dealing with the distribution of the marital property *(cf., Christian v Christian,* 42 NY2d 63). Because the record is inadequate to allow us to determine the fairness of the stipulated agreement, this matter must be remitted to Supreme Court for its determination whether the nondisclosure rendered the agreement unfair or inequitable, and, if it concludes that the agreement was rendered unfair or inequitable, for further proceedings on the distribution of marital property *(see, Grunfeld v Grunfeld, supra).*

We have examined the other contentions raised by plaintiff and find them to be without merit. (Appeal from Order of Supreme Court, Steuben County, Purple, J.—Vacate Stipulation.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.