■ DAVID E. GAINES, Appellant, v JUDITH A. GAINES, Respondent. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: Supreme Court erred by entertaining defendant's motion to set aside a post-divorce agreement which modified the original separation agreement. A party seeking to set aside an agreement must do so by commencement of a plenary action, by affirmative defense or by counterclaim; such relief cannot be obtained on motion (*Darragh v Darragh,* 163 AD2d 648; *Kellman v Kellman,* 162 AD2d 958; *Lambert v Lambert,* 142 AD2d 557). Because the determination in this case was made after a full hearing tantamount to a plenary trial, we address the merits in the interest of judicial economy (*see, Culp v Culp,* 117 AD2d 700, 702).

Supreme Court properly determined that the post-divorce agreement should be set aside upon the ground of fraud in the inducement. The original separation agreement provided that each party would have an interest in the other's pension. That agreement was incorporated without merger into the judgment of divorce. During December 1989 and January 1990, plaintiff told defendant that he no longer wanted to work at the Niagara Falls Air Base; that he had a once-in-a-lifetime opportunity for early retirement; that he might pursue an opportunity to co-own a bait and tackle business; but that he could not take early retirement unless he could be assured of receiving all of his pension benefit. Thus, plaintiff asked defendant to waive her interest in his pension. After defendant signed the subject agreement waiving her interest in the pension, plaintiff retired from his position at the Air Base, and two weeks later, he started employment with a civilian contractor at the Air Base at a salary slightly less than the salary he previously earned.

Defendant failed to show that the representations concerning early retirement and post-retirement ambitions, when made in December and January, were false or made with the intent to deceive. The record does show, however, that before defendant agreed to the document in its final version, plaintiff was offered the position with the civilian contractor at the Air Base. It is clear that plaintiff then had the present intention of accepting employment with the civilian contractor at the Air Base at nearly the same salary level he had been earning. Because plaintiff's expressed intention to discontinue working

at the Air Base and his expressed need to receive his entire pension as financial security for an uncertain future income stream were material facts upon which defendant relied in agreeing to waive her interest in plaintiff's pension and were essential to defendant's acceptance of the contract terms, plaintiff had a " 'duty-bound in honesty' " to disclose his present intentions *(Abbate v Abbate,* 82 AD2d 368, 382, quoting *Nasaba Corp. v Harfred Realty Corp.,* 287 NY 290, 295). The concealment of those present intentions was designed to produce a false impression and to mislead defendant, and such conduct constituted actionable fraud *(see, Nasaba Corp. v Harfred Realty Corp.,* 287 NY 290, 295, *supra; Abbate v Abbate, supra).* (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—Modify Settlement Agreement.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.