■ DORIS FINE, Appellant, v KENNETH FINE, Respondent. [594 NYS2d 309] —In a matrimonial action in which the parties were divorced by a judgment dated February 8, 1980, the plaintiff appeals from an order of the Supreme Court, Westchester County (Fredman, J.), entered December 14, 1990, which granted the defendant's postjudgment motion for declaratory relief and declared that his obligation to pay "additional alimony" pursuant to the judgment and stipulation of settlement was limited to the amount of the mortgage principal and interest.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion is dismissed without prejudice to commencement of a plenary action.

The parties entered into a stipulation of settlement in 1979, which survived and was not merged into a judgment of divorce in 1980. The stipulation provided that the defendant was to pay the monthly "mortgage payment" on the marital residence and that, when the residence was sold, he was to pay to the plaintiff the same monthly payment as additional alimony "as if he were still paying the mortgage". Neither the judgment nor the stipulation specified the amount of the "mortgage payment". For the next 10 years, the defendant

paid a monthly sum which included the mortgage principal and interest as well as an escrow amount to cover certain other carrying charges. The marital residence was sold in May 1990. The following month, the defendant brought a postjudgment motion in the matrimonial action for a declaration that the term "mortgage payment" in the judgment and stipulation of settlement was limited to the amount of the mortgage principal and interest. The court granted the defendant's motion without a hearing.

We agree with the plaintiff's contention that this issue was impermissibly raised in a postjudgment motion in the matrimonial action. The stipulation of settlement is an independent contract binding on the parties *(see, Rainbow v Swisher,* 72 NY2d 106, 109), and the court may not impair the plaintiff's contractual rights under the agreement by modifying the divorce judgment *(see, Lamberti v Lamberti,* 158 AD2d 449). The proper manner for the defendant to challenge the terms of the stipulation of settlement is in a plenary action *(see, Lambert v Lambert,* 142 AD2d 557; *Culp v Culp,* 117 AD2d 700). We note that the defendant's application did not seek a modification of his alimony obligation based on changed circumstances *(cf., Matter of Hermans v Hermans,* 74 NY2d 876; Domestic Relations Law § 236 [A], [B] [9] [b]). Accordingly the defendant's motion should have been dismissed without prejudice to his right to commence a plenary action for the same relief.

In view of our determination, we do not reach the merits of the parties' underlying claims. Lawrence, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.