(January 20, 1994)

■ ALYCE FRIELAND, Respondent, v HARRY FRIELAND, Appellant. [606 NYS2d 654] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered December 9, 1992, which, *inter alia,* denied defendant's motion to vacate the judgment of divorce dated March 5, 1992 and stipulation of settlement dated January 31, 1992, and order, same court and Justice, entered on or about June 3, 1993, which, *inter alia,* denied defendant's motion for downward modification of maintenance, unanimously affirmed, without costs or disbursements. Appeal from the order of same court and Justice, entered on or about July 10, 1992, unanimously dismissed as superseded by the appeal from the judgment of December 9, 1992, without costs or disbursements.

The stipulation of settlement was a separation agreement that was incorporated but not merged into the judgment of divorce. As such, it survives as a separately enforceable contract that cannot be set aside by motion but only by a plenary action *(Darragh v Darragh,* 163 AD2d 648; *Kellman v Kellman,* 162 AD2d 958; *Lambert v Lambert,* 142 AD2d 557, 558), providing a context in which to develop a record adequate to evaluate defendant's claims of inequity and overreaching *(see, Christian v Christian,* 42 NY2d 63, 72; *Arquiette v Arquiette,* 177 AD2d 956).

We affirm only on this ground, without prejudice to defendant commencing a plenary action, without costs. In addition, defendant's motion for a downward modification of maintenance was properly denied absent a showing of an unanticipated and unreasonable change in circumstances *(see, Matter of Boden v Boden,* 42 NY2d 210, 213). Concur—Murphy, P. J., Sullivan, Ross and Asch, JJ.