◼ In the Matter of SPIROS ANGELIDIS, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant. [616 NYS2d 288] —Order unanimously affirmed without costs. Memorandum: There is no merit to the contention that Supreme Court improperly denied the motion of the New York State Division of Housing and Community Renewal (DHCR) to vacate the court's default order dated February 4, 1992. DHCR failed to demonstrate a valid excuse for the default and failed to move expeditiously to vacate it *(see, Ocasio v City of New York,* 186 AD2d 520). (Appeal from Order of Supreme Court, Kings County, Held, J.—Vacate Default Judgment.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.

◼ In the Matter of ANDREW G. TARANTINO, JR., Appellant, v CHARLES B. SULLIVAN et al., Constituting the Planning Board of the Town of Brookhaven, Respondents. DOROTHY WARNER, Intervenor-Respondent. [616 NYS2d 288] —Order unanimously affirmed without costs. Memorandum: Petitioner's motion, designated as one for "reargument and renewal", is more properly considered a motion to vacate the judgment dismissing the CPLR article 78 petition based upon newly-discovered evidence *(see,* CPLR 5015 [a] [2]). Supreme Court properly denied the motion because petitioner failed to demonstrate that the newly-discovered evidence "would probably have produced a different result" (CPLR 5015 [a] [2]). Further, the evidence that petitioner relies on was a matter of public record in existence at the time of the judgment that could have been discovered in the exercise of reasonable diligence *(see, Graham v Beermunder,* 93 AD2d 254, *lv dismissed* 60 NY2d 630; *Mully v Drayn,* 51 AD2d 660). (Appeal from Order of Supreme Court, Suffolk County, Underwood, Jr., J.—Vacate Judgment.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.