■ JEFFREY R. CALDWELL, Appellant, v LINDA CALDWELL, Respondent. (Appeal No. 1.) [619 NYS2d 908] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: By order to show cause, defendant made a post-judgment application to reform a stipulation of settlement that is incorporated but not merged into the divorce judgment. Supreme Court erred in granting defendant the relief she sought. A stipulation of settlement incorporated but not merged into a divorce judgment may be reformed only in a plenary action "providing a context in which to develop a record adequate to evaluate defendant's claims" *(Frieland v Frieland,* 200 AD2d 484; *see also, Fine v Fine,* 191 AD2d 410; *Darragh v Darragh,* 163 AD2d 648; *Lambert v Lambert,* 142 AD2d 557, 558; *Culp v Culp,* 117 AD2d 700, 701). The record is not sufficient to enable us to review the merits because the court did not hold a hearing, but rather, based its determination upon conflicting affidavits *(cf., Cordero v Cordero,* 200 AD2d 491; *Culp v Culp, supra).* We reject defendant's argument that plaintiff cannot raise, for the first time on appeal, an objection to the procedure used at Supreme Court. Because the issue is one of law that appears on the face of the record and one that could not have been avoided by defendant had it been raised at the proper time, we may review the issue *(see, Oram v Capone,* 206 AD2d 839; *Libeson v Copy Realty Corp.,* 167 AD2d 376, 377; *Smith v Smith,* 116 AD2d 810, 812). We modify the order appealed from by vacating the first three ordering paragraphs and by dismissing defendant's application to reform the stipulation of settlement without prejudice to the commencement of a plenary action.

The court did not err in awarding defendant counsel fees in the amount of $1,500 to enable her to defend this appeal. The

court may use its own knowledge and experience to determine the reasonableness of prospective fees on appeal *(see, Delgado v Delgado,* 160 AD2d 385, 386), and the Judge, who presided over the divorce action, was sufficiently familiar with the relative financial circumstances of the parties to enable him to make an award of counsel fees. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Modify Equitable Distribution.) Present—Denman, P. J., Green, Fallon, Wesley and Doerr, JJ.