■ JOANN DUNHAM, Respondent, v STEPHEN DUNHAM, Appellant. [626 NYS2d 932] —Order unanimously reversed on the law without costs and motion denied. Memorandum: We reject the contention of defendant that reversal is required because Supreme Court modified the parties' separation agreement after a proceeding commenced by motion, rather than in a plenary action *(cf., Frieland v Frieland,* 200 AD2d 484). Although it is improper to modify the terms of a separation agreement on motion, where, as here, the determination is made after a "full hearing tantamount to a plenary trial", it

is appropriate to "address the merits in the interest of judicial economy" *(Gaines v Gaines,* 188 AD2d 1048).

The court improperly modified the parties' separation agreement to provide that plaintiff, rather than defendant, was entitled to the income tax exemptions for both children residing with plaintiff. The separation agreement provides that defendant is entitled to the income tax exemptions. The court construed a clause in the separation agreement providing that the agreement would be "subject to" Federal and State income tax laws to mean that, when the Federal and State tax laws were modified, the agreement would be modified accordingly. That was error. Although the Federal tax law was amended after the separation agreement was executed to provide that the income tax exemption for a dependent child was to be taken by the parent who had custody of the child for the greater portion of the tax year *(see,* 26 USC § 152 [e] [1]), the parties were free to alter the statutory income tax exemption by contract *(see, Derasmo v Derasmo,* 190 AD2d 655, 656; *see generally,* Scheinkman, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:41, 1995 Pocket Part, at 131-132). Further, the Internal Revenue Code itself provides an exception under certain circumstances whereby the noncustodial parent may be entitled to the exemption (26 USC § 152 [e] [4]; 33 Am Jur 2d, Federal Taxation, § 1250 [1994]). That exception applies here. The court, therefore, improperly "fashion[ed] a new contract under the guise of contract construction [citation omitted]" *(Slatt v Slatt,* 64 NY2d 966, 967, *rearg denied* 65 NY2d 785). (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J. —Modify Separation Agreement.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.