■ LORAINE DOMBROWSKI, Appellant, v RANDY DOMBROWSKI, Respondent. [657 NYS2d 208] —In a matrimonial action in which the parties were divorced by a judgment dated February 14, 1995, the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated May 2, 1995, which denied the plaintiff's postjudgment motion to set aside a stipulation of settlement entered into between the parties on December 19, 1994.

Ordered that the order is modified, on the law, by adding thereto a provision providing that the plaintiff's motion is denied without prejudice to the commencement of a plenary action; as so modified, the order is affirmed, without costs or disbursements.

The court properly denied the plaintiff's motion to set aside the parties' December 19, 1994, stipulation of settlement, which was incorporated but not merged into their judgment of divorce, because a party may challenge the terms of such an "independent contract" only by way of a plenary action (Fine v Fine, 191 AD2d 410; Riley v Riley, 179 AD2d 750; Lambert v Lambert, 142 AD2d 557).

After the court properly noted that the only way to challenge the stipulation was by way of a plenary action, it went on to make findings of fact and conclusions of law which we

deem to be dicta in the absence of an adequately developed record (*see, e.g., Caldwell v Caldwell,* 209 AD2d 1022; *Frieland v Frieland,* 200 AD2d 484). It was erroneous for the court to have done so, and the dicta should be without binding effect in the plaintiff's plenary action. Rosenblatt, J. P., Miller, Thompson and Friedmann, JJ., concur.