■ KATHRYN CLARK, Formerly Known as KATHRYN LISKA, Respondent, v PETER LISKA, Appellant. [692 NYS2d 825] —Spain, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered March 16, 1998 in Clinton County which, *inter alia*, established plaintiff's child support obligation, and (2) from an order of said court, entered May 20, 1998 in Clinton County, which, *inter alia*, denied defendant's motion to reconsider its previous order.

Plaintiff and defendant were divorced in 1992. The judgment of divorce incorporated but did not merge a stipulation entered into between the parties in Supreme Court on August 7, 1992 and a 1991 Family Court order. The parties retained joint legal custody of their oldest son, with physical custody awarded to defendant, and plaintiff was awarded sole legal and physical custody of their remaining three children. Further, defendant agreed to pay plaintiff $128.82 per week in child support, based on his current income of $25,000 per year. Both parties were represented by counsel when the stipulation setting child support was placed on the record. Defendant's counsel stated on the record that defendant's child support was established in accordance with the Child Support Standards Act (hereinafter CSSA) (*see*, Domestic Relations Law § 240 [1-b]; Family Ct Act § 413 [1]) and that both parties had been apprised by their attorneys of the child support guidelines.

On September 19, 1997 defendant moved in Supreme Court for an order vacating the stipulated child support provisions of the parties' 1992 judgment of divorce for noncompliance with the CSSA and for an order awarding him child support for the child residing with him since 1992.* By decision and order dated December 19, 1997 (hereinafter the 1997 order), Supreme Court agreed that the parties' August 1992 stipulation failed to comport with the CSSA and ordered them to submit updated statements of net worth to enable the court to compute the proper amount of child support, if any, due defendant from

---

* A more detailed description of the Supreme Court and Family Court proceedings leading up to defendant's motion *sub judice* can be found in this Court's recent decision in *Matter of Clark v Liska* (262 AD2d 721).

plaintiff for the child residing with him. Supreme Court determined to treat defendant's motion as an application to modify the 1992 judgment for several reasons, including that vacatur of the judgment would negatively affect the accumulated child support arrears owed by defendant, the cancellation of which is generally prohibited (*see, Matter of Dox v Tynon*, 90 NY2d 166; *see also*, Domestic Relations Law § 236 [B] [9] [b]; § 240). Notably, Supreme Court also determined that any child support that plaintiff was obligated to pay defendant would be retroactive only to the date of defendant's application, i.e., September 9, 1997. Although both parties appealed from that 1997 order, that appeal has been abandoned.

The parties then submitted updated financial data and, by order entered March 16, 1998, Supreme Court calculated child support payable to defendant by plaintiff at $163.99 per week retroactive to September 9, 1997 and directed defendant to pay accumulated arrears at the rate of $200 per month until paid in full. Thereafter, defendant moved for reconsideration seeking an order "redetermining all of the child support issues", including what defendant owed to plaintiff; plaintiff cross-moved for reargument. In an order entered May 20, 1998, Supreme Court denied defendant's motion and treated plaintiff's cross motion as an application for modification, granted plaintiff's cross motion to the extent of applying defendant's weekly $128.82 child support obligation to plaintiff against the $163.99 weekly amount plaintiff owed to defendant, the net result of which is that plaintiff owes defendant $35.17 per week. Additionally, Supreme Court changed the effective date of plaintiff's child support obligation to April 24, 1998. Defendant appeals from both the March 1998 and the May 1998 orders.

We affirm. Initially, we conclude that Supreme Court properly determined in its 1997 order that the 1992 stipulation failed to comport with the CSSA because it did not "specify the amount that such basic child support obligation [from plaintiff to defendant] would have been and the reason or reasons that such agreement or stipulation [did] not provide for payment of that amount" (Domestic Relations Law § 240 [1-b] [h]; *see, Matter of Sievers v Estelle*, 211 AD2d 173, 175; *Sloam v Sloam*, 185 AD2d 808, 810). Further, Supreme Court properly treated defendant's initial motion to vacate the child support provisions of the judgment of divorce as a motion to modify. Significantly, as noted, defendant abandoned his appeal from that order and is now precluded from raising that issue in this appeal. In any event, were we to address the novel issue defen-

dant raises regarding how arrears should be treated which accumulate pursuant to an agreement voluntarily entered into but which did not comply with CSSA, we would find no basis on this record upon which to disturb this aspect of the orders appealed from.

Courts are generally prohibited from vacating accrued child support arrears (*see*, Domestic Relations Law § 236 [B] [9] [b]; *Matter of Dox v Tynon, supra*, at 175-176), unless strict application of the statute undermines the legislative intent and causes a " 'grievous injustice' " (*Matter of Reynolds v Oster*, 192 AD2d 794, 795; *see, Matter of Commissioner of Social Servs. [Grant] v Grant*, 154 Misc 2d 571, 574). The record reveals that defendant acted in bad faith in failing to abide by his child support obligations prior to the 1992 stipulation and in repeatedly paying child support delinquently after the 1992 judgment of divorce, necessitating numerous appearances in Family Court on child support violations. These facts undermine any claim of grievous injustice. Significantly, at the time of the 1992 stipulation and judgment defendant already owed plaintiff $30,000 in arrears. We also reject defendant's attempt to invoke the remedy provided in CPLR 5015 (a) which allows a court to relieve a party from a judgment or order. Here, the evidence relied upon by defendant as "newly discovered evidence" was a mandate in the Domestic Relations Law which could have been discovered in the exercise of reasonable diligence (CPLR 5015 [a] [2]; *Matter of Tarantino v Sullivan*, 206 AD2d 975). Moreover, defendant has failed to allege "fraud, misrepresentation or misconduct" by plaintiff during the course of what appears to have been good faith negotiations in which both parties were represented by counsel and which led to a mutually acceptable agreement in 1992 (CPLR 5015 [a] [3]).

In our view, Supreme Court's May 1998 order refusing to reconsider its previous order was appropriate and complied with the CSSA as defendant, in his original motion, never sought to modify his child support obligation of $128.82 per week to which he agreed in 1992. Finally, plaintiff's child support obligation should be retroactive to September 9, 1997, the date of defendant's original application in Supreme Court.

We have considered defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order entered March 16, 1998 is modified, on the facts, without costs, by changing the commencement date of plaintiff's child support obligation to September 9, 1997, and, as so modified, affirmed. Ordered that the order entered May 20, 1998 is affirmed, without costs.