■ THERESA MAROTTA, Formerly Known as THERESA DINOZZI, Appellant, v ROBERT DINOZZI, Respondent. [731 NYS2d 221] —In a matrimonial action in which the parties were divorced by judgment dated June 7, 1994, the plaintiff former wife appeals from an order of the Supreme Court, Westchester County (Scancarelli, J.), dated May 22, 2000, which denied her motion pursuant to CPLR 5015 (a) (3) to vacate so much of the judgment of divorce as related to the distribution of marital assets and to set a disclosure schedule and hearing date.

Ordered that the order is affirmed, with costs.

The plaintiff moved pursuant to CPLR 5015 (a) (3) to vacate so much of the judgment of divorce as related to the distribution of marital assets and to set a disclosure schedule and hearing date. She did not move to set aside the stipulation of the parties that was incorporated but not merged in the judgment, pursuant to which the disposition of marital assets was made. Despite evidence to the contrary, the plaintiff contends that the execution of the parties' stipulation was permeated by fraud because she was unrepresented by counsel. A court will not automatically nullify a stipulation on the ground that a party was not represented by counsel (see, Levine v Levine, 56 NY2d 42, 48; Chauhan v Thakur, 184 AD2d 744, 745). Furthermore, the state of the defendant's assets in 1999 does not establish his wealth in 1994 at the time of the execution of the stipulation. There is no other basis to support her allegations of fraud. Similarly, her claim of duress is without merit because she failed to tie with any degree of specificity the defendant's alleged egregious conduct to her assent to the stipulation (see, McGahee v Kennedy, 48 NY2d 832, 834). She also accepted the benefits of the stipulation and judgment for nearly six years, thereby ratifying her agreement (see, Sheindlin v Sheindlin, 88 AD2d 930, 931). In any event, because the plaintiff's allegations of fraud relate to the underlying transaction rather than to the procurement of the judgment itself, the plaintiff's motion was properly denied (see, Balatti v Balatti, 232 AD2d 593, 594; Cofresi v Cofresi, 198 AD2d 321). O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.