■ PHILIP BERGEN, Respondent, v SUSAN BERGEN, Appellant. [749 NYS2d 148] —In a matrimonial action in which the parties were divorced by a judgment entered May 16, 2000, the defendant appeals from an order of the Supreme Court, Nassau County (Stack, J.), entered January 10, 2001, which denied her motion to vacate the judgment.

Ordered that the order is affirmed, with costs.

The parties separated in 1994, and the plaintiff commenced this matrimonial action six years later. The defendant signed an affidavit in which she acknowledged service of the summons and complaint in the matrimonial action, waived her right to

answer, and consented to a divorce. At the same time, she signed a stipulation of settlement, which was incorporated but not merged in the judgment of divorce. Several months after the judgment of divorce was entered, the defendant moved to vacate the judgment on the grounds, inter alia, of fraud, misrepresentation, or other misconduct pursuant to CPLR 5015 (a) (3).

We agree with the defendant that the Supreme Court erred in ruling that the stipulation of settlement was not unconscionable. The defendant did not seek vacatur of the stipulation of settlement on that ground. Moreover, such relief must be sought in a plenary action (*see Spataro v Spataro,* 268 AD2d 467; *Dombrowski v Dombrowski,* 239 AD2d 460; *Lambert v Lambert,* 142 AD2d 557). The Supreme Court therefore erred in reaching a conclusion of law on this issue, particularly in the absence of an adequately-developed record, and its determination on this issue should be considered dicta (*see Dombrowski v Dombrowski, supra*).

The Supreme Court properly denied the defendant's motion to vacate the judgment pursuant to CPLR 5015 (a) (3). Her allegation that she was led to believe that the plaintiff's attorney represented both parties is refuted by the terms of the stipulation, in which she acknowledged that the attorney represented only the plaintiff and that she was advised to seek independent counsel but chose not to do so (*see Gamba v Gamba,* 253 AD2d 784; *Wilson v Neppell,* 253 AD2d 493; *Amiel v Amiel,* 239 AD2d 532). The defendant failed to present admissible evidence to support her claim that her medications interfered with her ability to comprehend the papers she signed, as she relied on an unsworn letter from her physician (*see Grasso v Angerami,* 79 NY2d 813).

The defendant's remaining allegations do not provide grounds for vacating the judgment (*see Marotta v Dinozzi,* 287 AD2d 491; *Balatti v Balatti,* 232 AD2d 593; *Cofresi v Cofresi,* 198 AD2d 321). Santucci, J.P., Feuerstein, O'Brien and Luciano, JJ., concur.