■ In the Matter of JONATHAN S. YOUNG, Respondent, v ANDREA YOUNG, Appellant. [751 NYS2d 94] —Carpinello, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered May 1, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of child support.

A detailed factual rendition of the instant dispute is set forth in a prior decision of this Court (*Matter of Young v Coccoma*, 291 AD2d 767). Briefly, within six months of the judgment of divorce being entered between these parties, petitioner twice petitioned for a downward modification of child support on the ground of a change in circumstances. The first petition was dismissed because petitioner failed in his burden of showing an unanticipated or unreasonable change of circumstances, but the second was granted following a hearing, the propriety of which is now before us. During the hearing on the second modification petition, petitioner was represented by counsel and respondent proceeded pro se. The brief testimony and limited evidence focused primarily on the parties' then current earnings, as well as petitioner's attempts to secure a higher-paying job. Most significantly, petitioner's counsel never sought vacatur of the parties' stipulation of settlement in the divorce action wherein petitioner had agreed to pay $200 per week in child support. Rather, the focus of the hearing was petitioner's alleged change in circumstances (i.e., his inability to obtain higher-paying employment and his depletion of savings to pay child support and health insurance).

In his decision, the Hearing Examiner notes, without explanation, analysis or discussion, that the parties' stipulation did not "mention" the requirements of the Child Support Standards Act or the parties' income and then concludes, again without elaboration, that the modification petition should therefore be granted. Apparently, the Hearing Examiner de facto and sua sponte vacated the parties' prior stipulation on the ground that the signed opting out agreement was insufficient and then proceeded to make a de novo determination of child support, reducing same to $50 *per month*. The Hearing

Examiner made this determination despite the fact that petitioner had been previously ordered to pay $200 per week for his two children based on a prior Family Court determination that he had a significantly higher earning capacity* and despite the fact that petitioner, with the advice of counsel, had agreed in open court to continue to pay this amount in settlement of his matrimonial action. In her objections to Family Court, respondent aptly pointed out, inter alia, that the issue of the stipulation's validity was never raised by petitioner and thus she had no notice that it would be considered by the court. Family Court nevertheless denied all objections and affirmed the Hearing Examiner's de novo calculation of child support. We now reverse.

Since petitioner, who was represented by counsel, did not commence a plenary action to set aside any portion of the stipulation (see Zavaglia v Zavaglia, 234 AD2d 1010; Frieland v Frieland, 200 AD2d 484; Gaines v Gaines, 188 AD2d 1048; Darragh v Darragh, 163 AD2d 648) or attack the validity of the stipulation on any legal ground in his petition or at the hearing (compare Blaikie v Mortner, 274 AD2d 95; Clark v Liska, 263 AD2d 640; Harbour v Harbour, 243 AD2d 947, lv dismissed 92 NY2d 845), we find that the Hearing Examiner erred in sua sponte vacating the stipulation and addressing the issue of child support de novo based on the limited evidence before him (compare Gaines v Gaines, supra). By sua sponte raising the matter, deciding the issue without notice to the parties and making a de novo determination (compare Clark v Liska, supra), the Hearing Examiner deprived respondent of the opportunity to argue that the opting out agreement was valid and, more importantly, denied her the opportunity to present evidence, as she had done in the past, concerning petitioner's actual earning capacity. To be sure, had petitioner been limited to his arguments before the Hearing Examiner, the petition clearly should have been dismissed as he woefully failed to demonstrate a sufficient change in circumstances warranting a downward modification of child support (see e.g. Matter of Hayes v Hayes, 294 AD2d 681).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

---

* Petitioner's educational background appears to include two degrees, one in biology and one in business administration and a certification in small engine repair work. Hence, Family Court imputed income to him in the amount of $41,000 per year. Moreover, petitioner's wealthy family apparently has been a constant source of funds to him over the years.