■ BROWNWYN S. DUDLA, Respondent, v SHAWN P. DUDLA, Appellant. [759 NYS2d 212] —Carpinello, J. Appeal from a judgment of the Supreme Court (Reilly, Jr., J.) granting, inter alia, defendant a divorce, entered December 12, 2001 in Schenectady County, upon a decision of the court.

In the context of the parties' divorce action, all issues, with one exception,[1] were resolved pursuant to a September 28, 2001 open court stipulation which was thereafter incorporated but not merged into the December 12, 2001 judgment of divorce. Both parties were represented by counsel when they entered into this settlement. Concerning child support and custody, it was agreed that the parties would share equal time with their only child and waive child support from each other.[2] On appeal, defendant, who is now proceeding pro se, argues that the stipulation must be set aside because it fails to comply with the Child Support Standards Act.

Significantly, however, defendant had an opportunity to pursue vacatur of the stipulation at a proceeding before Supreme Court and expressly *declined* to do so. During an

1. The only issue the parties could not resolve via stipulation was the grounds for their divorce.

2. Notably, only plaintiff sought child support in her complaint; defendant never requested such relief in either his answer or amended answer.

October 9, 2001 appearance on the extant issue in the matter (*see* n 1, *supra*), defendant raised concerns over the stipulation, claiming that he had been coerced into it. Supreme Court specifically inquired if defendant was seeking to set aside the stipulation. Defendant responded in the negative. After further colloquy on the issue, defendant reaffirmed his belief that he had received excellent legal representation in the matter and also reaffirmed that he "wish[ed] to continue the stipulation that we had entered on [September 28, 2001]."

On December 11, 2001, the parties were again before Supreme Court at the request of defendant's attorney concerning defendant's claim that the proposed findings of facts and conclusions of law and judgment of divorce were inconsistent with the stipulation. Although given ample opportunity to do so by the court, defendant was unable to substantiate this claim, but he again argued that the stipulation had been entered into under coercion. Supreme Court noted that defendant's allegations of coercion were inconsistent with its own observation of the stipulation and otherwise rejected his claim of inconsistency.

On appeal, defendant does not pursue his claim that he entered into the stipulation under coercion. Rather, for the first time, he seeks to set aside the stipulation on the ground that it does not comply with the Child Support Standards Act. Since this precise issue was not raised by him in the proceedings before Supreme Court (*compare Clark v Liska*, 263 AD2d 640 [1999]; *Cordero v Cordero*, 200 AD2d 491 [1994]; *Gaines v Gaines*, 188 AD2d 1048 [1992]), we conclude that it is not properly before us (*see Matter of Young v Young*, 299 AD2d 783 [2002]; *Fascaldi v Fascaldi*, 209 AD2d 576, 578 [1994]). Defendant's recourse, if any, is a plenary action to set aside the stipulation (*see e.g. Matter of Young v Young, supra*; *Zavaglia v Zavaglia*, 234 AD2d 1010 [1996]; *Frieland v Frieland*, 200 AD2d 484 [1994]; *compare Tartaglia v Tartaglia*, 260 AD2d 628 [1999] [action commenced to set aside parties' separation agreement]).

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.