■ GIOVANNA LUISI, Appellant-Respondent, v RALPH LUISI, Respondent-Appellant. [775 NYS2d 331]—

In a matrimonial action in which the parties were divorced by judgment dated April 2, 1992, (1) the plaintiff appeals, as limited by her brief, from (a) stated portions of an order of the Supreme Court, Queens County (Milano, J.), dated September 24, 2001, which, inter alia, granted that branch of the defendant's motion which was to direct her to execute federal tax form 8832 and held in abeyance that branch of her cross motion which was to recalculate the defendant's child support obligation on an annual basis from March 2, 1992, to March 5, 2001, and denied that branch of her cross motion which was for an upward modification of child support as of March 5, 2001, and (b) stated portions of an order of the same court dated September 17, 2002, which, inter alia, denied that branch of her cross motion which was to recalculate the defendant's child support obligation on an annual basis from March 2, 1992, to March 5, 2001, awarded her the sum of only $27,587.57 in child support arrears, and directed the defendant to pay child support in the amount of only $288 per week as of March 5, 2001, and (2) the defendant cross-appeals, as limited by his brief, from so much of the order dated September 17, 2002, as granted that branch of the plaintiff's cross motion which was to recalculate child support to the extent of awarding her child support arrears from March 2, 1992, to March 5, 2001, and awarded arrears in the sum of $27,587.57.

Ordered that the appeal from so much of the order dated September 24, 2001, as held in abeyance that branch of the plaintiff's cross motion which was to recalculate child support on an annual basis from March 2, 1992, to March 5, 2001, and as denied that branch of the cross motion which was for an upward modification of child support is dismissed, without costs or disbursements, as those portions of the order were superseded by the order dated September 17, 2002; and it is further,

Ordered that the order dated September 24, 2001, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated September 17, 2002, is modified by (1) deleting the provision thereof granting that branch of the plaintiff's cross motion which was to recalculate child support to the extent of awarding her arrears from March 2, 1992, to

March 5, 2001, and awarded arrears in the sum of $27,587.57 and substituting therefor a provision granting the plaintiff's cross motion only to the extent of directing a recalculation of the defendant's child support obligation retroactive to March 5, 2001, and (2) deleting the provision thereof directing the defendant to pay child support in the sum of $288 per week retroactive to March 5, 2001; as so modified, the order dated September 17, 2002, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, to determine the parties' weekly child support obligations retroactive to March 5, 2001, in accordance herewith.

Contrary to the plaintiff's contention, the defendant was not required to institute a plenary action, as he was seeking to enforce, rather than to modify, the terms of the parties' stipulation of settlement which was incorporated but not merged in the judgment of divorce (*see Fishkin v Fishkin,* 201 AD2d 202 [1994]; *Derasmo v Derasmo,* 190 AD2d 655 [1993]; *cf. Lambert v Lambert,* 142 AD2d 557 [1988]). The Supreme Court properly determined that, based on a reasonable interpretation of the stipulation, the defendant was entitled to claim the parties' children as dependents on his tax returns for the years at issue (*see Malleolo v Malleolo,* 287 AD2d 603 [2001]; *see also Dunham v Dunham,* 214 AD2d 961 [1995]).

In the order dated September 24, 2001, the Supreme Court granted that branch of the plaintiff's cross motion which was to invalidate the child support provisions of the parties' 1992 stipulation of settlement and their 1996 stipulation due to the failure to include language indicating, inter alia, their awareness of the Child Support Standards Act (hereinafter the CSSA) pursuant to Domestic Relations Law § 240 (1-b) (h) (*see Cardinal v Cardinal,* 275 AD2d 756 [2000]; *Toussaint v Toussaint,* 270 AD2d 338 [2000]; *Matter of Phillips v Phillips,* 245 AD2d 457 [1997]). The defendant did not appeal from that order.

Based on her claim that the child support provisions in these stipulations were invalid, the plaintiff cross-moved to recalculate the defendant's child support obligation, retroactive to March 2, 1992, based on the parties' respective incomes in each intervening year through the date of her cross motion on March 5, 2001. She also cross-moved for an upward modification of support based on the children's increased needs, retroactive to March 5, 2001.

In the order dated September 24, 2001, the Supreme Court indicated that it would recalculate child support based on the parties' income in 1992 and 1996, and granted the plaintiff's

request for an upward modification of support only to the extent that an increase would be required based on the parties' 1992 and 1996 financial information. The Supreme Court directed the parties to provide financial information for 1992 and 1996.

In the order dated September 17, 2002, the Supreme Court granted that branch of the plaintiff's cross motion which was to recalculate support to the extent of awarding her child support arrears retroactive from March 2, 1992, to March 5, 2001, in the sum of $27,587.57. The Supreme Court granted her request for an upward modification of support to the extent of determining that the defendant's child support obligation as of March 5, 2001, was $288 per week.

The Supreme Court erred in awarding the plaintiff child support arrears retroactive to 1992 as it, in effect, impermissibly reformed the parties' stipulations by postjudgment motion in the matrimonial action. Such relief must be obtained in a plenary action (*see Spataro v Spataro,* 268 AD2d 467 [2000]; *Zavaglia v Zavaglia,* 234 AD2d 1010 [1996]; *Fine v Fine,* 191 AD2d 410 [1993]; *compare Tartaglia v Tartaglia,* 260 AD2d 628 [1999]).

Based on its determination that the parties' 1992 and 1996 agreements concerning child support were unenforceable, the Supreme Court should have made a new determination of the parties' respective child support obligations in accordance with the CSSA (*see Weimer v Weimer,* 281 AD2d 989 [2001]; *Brown v Powell,* 278 AD2d 846 [2000]; *Zenz v Zenz,* 260 AD2d 474 [1999]; *Matter of Phillips v Phillips, supra*), retroactive only to March 5, 2001, the date of the plaintiff's cross motion (*see Matter of Schaller v Schaller,* 279 AD2d 525 [2001]; *Clark v Liska,* 263 AD2d 640 [1999]; Domestic Relations Law § 240 [1] [h]). Furthermore, in making this determination, the Supreme Court erred in relying on the parties' financial circumstances in 1996, rather than on the most recent federal tax returns available in 2001, as required by Domestic Relations Law § 240 (1-b) (b) (5) (i). Accordingly, we remit the matter to the Supreme Court, Queens County, for a new determination of the parties' respective child support obligations in accordance herewith.

In view of our conclusion that the Supreme Court should have determined the parties' respective child support obligations based on their financial circumstances at the time the plaintiff cross-moved for a modification in 2001, we need not reach the plaintiff's contention that she was entitled to an upward modification of child support based on an unanticipated or unreasonable change in circumstances since 1996 or on the ground that the support awarded in 1996 was inadequate to

meet the increased needs of the children (*see generally Matter of Brescia v Fitts,* 56 NY2d 132 [1982]). Ritter, J.P., S. Miller, Goldstein and Townes, JJ., concur.