■ JOANNE CANDELA, Appellant, v GEORGE KIEL, Respondent. [823 NYS2d 216]—

In a matrimonial action in which the parties were divorced by judgment dated March 15, 2002, the plaintiff appeals from an order of the Supreme Court, Richmond County (Henderson, Ref.), dated February 2, 2005, which, after a hearing, denied her motion, inter alia, to vacate a provision of the parties' stipulation of settlement dated November 2, 2001, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff moved, inter alia, to vacate a provision of the parties' stipulation of settlement in which she agreed to sign over title to a Dodge Stealth, already in the physical possession of the defendant, in exchange for the defendant's payment of

the sum of $2,000. The stipulation, made in open court, was incorporated but not merged into the judgment of divorce.

The Referee properly denied that branch of the plaintiff's motion which was to vacate this provision of the stipulation, since a postjudgment motion is not the proper method to challenge a separation agreement incorporated but not merged into a divorce judgment (see Spataro v Spataro, 268 AD2d 467, 468 [2000]; Matter of Scalabrini v Scalabrini, 242 AD2d 725, 726 [1997]; cf. Luisi v Luisi, 6 AD3d 398, 400 [2004]). Nor did the plaintiff seek enforcement of the stipulation provision at issue (see Luisi v Luisi, supra).

The plaintiff's remaining contentions either are without merit or are not properly before this Court. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.