# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1333**
**CA 15-00857**
PRESENT: SCUDDER, P.J., SMITH, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

DANIEL J. VERNA, PLAINTIFF-APPELLANT,

V                                                     MEMORANDUM AND ORDER

BERNADETTE VERNA, DEFENDANT-RESPONDENT.

---

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFF-APPELLANT.

KARONNE JARRETT WATSON, SCHENECTADY, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered May 16, 2014 in a divorce action. The order, inter alia, denied plaintiff's motion seeking modification of the parties' judgment of divorce.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order that, inter alia, denied his motion seeking to modify a judgment of divorce, plaintiff contends that the parties' stipulation of settlement was unconscionable. We reject that contention. We note at the outset that, "[i]nasmuch as the stipulation was incorporated but not merged into the judgment of divorce, [plaintiff] cannot challenge the stipulation by way of motion but, rather, must do so by commencement of a plenary action" (*Marshall v Marshall*, 124 AD3d 1314, 1317; *see Barany v Barany*, 71 AD3d 613, 614; *see generally Bryant v Carty*, 118 AD3d 1459, 1459). Nevertheless, "[b]ecause the determination in this case was made after a full hearing tantamount to a plenary trial, we address the merits in the interest of judicial economy" (*Gaines v Gaines*, 188 AD2d 1048, 1048; *see Dunham v Dunham*, 214 AD2d 961, 961-962). On the merits, we conclude that, contrary to plaintiff's contention, the agreement is not unconscionable insofar as it requires plaintiff to obtain a $350,000 life insurance policy and to name defendant as the beneficiary of the policy. Although the insurance premiums for this policy may have been higher than plaintiff anticipated, the parties' agreement is not "one such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other" (*Christian v Christian*, 42 NY2d 63, 71 [internal quotation marks omitted]; *see Colello v Colello*, 9 AD3d 855, 859; *Skotnicki v Skotnicki*, 237 AD2d 974, 975).

Entered:  December 23, 2015                          Frances E. Cafarell
                                                      Clerk of the Court