Martelloni v Martelloni (2020 NY Slip Op 05197)





Martelloni v Martelloni


2020 NY Slip Op 05197


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-11386 
2018-06290
 (Index No. 36009/09)

[*1]Paul Martelloni, respondent,
v
Lisa Martelloni, appellant. Lisa Martelloni, Northport, NY, appellant pro se.


Campagna Johnson, P.C., Hauppauge, NY (Nicholas E. Arazoza of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered June 14, 2012, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated August 25, 2017, and (2) an order of the same court dated March 5, 2018. The order dated August 25, 2017, insofar as appealed from, denied those branches of the defendant's motion which were to compel the plaintiff to pay a pro rata share of the unreimbursed medical costs and child care expenses incurred on behalf of the parties' children retroactive to January 12, 2012, the date of the parties' stipulation of settlement. The order dated March 5, 2018, insofar as appealed from, granted that branch of the plaintiff's cross motion which was to compel the defendant to pay a pro rata share of the health insurance premiums for the parties' minor child.
ORDERED that the order dated August 25, 2017, is reversed insofar as appealed from, on the law, those branches of the defendant's motion which were to compel the plaintiff to pay a pro rata share of the unreimbursed medical costs and child care expenses incurred on behalf of the parties' children retroactive to January 12, 2012, the date of the parties' stipulation of settlement, are granted, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the amount of the plaintiff's pro rata share of the unreimbursed medical costs and child care expenses incurred on behalf of the parties' children retroactive to January 12, 2012; and it is further,
ORDERED that the order dated March 5, 2018, is reversed insofar as appealed from, on the law, and that branch of the plaintiff's cross motion which was to compel the defendant to pay a pro rata share of the health insurance premiums for the parties' minor child is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In this matrimonial action in which the parties were divorced by a judgment entered June 14, 2012, the parties entered into a stipulation of settlement dated January 12, 2012, which, [*2]among other things, contained provisions related to medical costs and child care expenses. The subject stipulation of settlement survived but was not merged into the judgment of divorce.
On May 30, 2014, the defendant commenced a plenary action, inter alia, to vacate those provisions of the subject stipulation which related to unreimbursed medical costs and child care expenses and to recalculate the amounts owed retroactive to the date of the stipulation of settlement. Thereafter, in response to the plaintiff's postjudgment motion to enforce provisions of the stipulation of settlement unrelated to medical costs and child care expenses, the defendant cross-moved to vacate the child support provisions of the stipulation of settlement and to consolidate the plenary action with the postjudgment matrimonial proceeding. In an order dated January 13, 2015, the Supreme Court granted that branch of the defendant's cross motion which was to consolidate the plenary action with the postjudgment matrimonial action, determined that the provisions of the stipulation of settlement which pertained to unreimbursed medical costs deviated from the Child Support Standards Act without acknowledging the deviation, thereby rendering that provision of the stipulation of settlement invalid, and directed dismissal of the plenary action due to its consolidation with this postjudgment matrimonial action.
On July 10, 2017, the defendant moved, inter alia, to compel the plaintiff to pay a pro rata share of their children's unreimbursed medical costs and child care expenses. In an order dated August 25, 2017, the Supreme Court granted those branches of the defendant's motion which were to compel the plaintiff to pay a pro rata share of the children's unreimbursed medical costs and child care expenses retroactive only to July 10, 2017, the date of the filing of the motion to compel, but denied those branches of the defendant's motion which were to compel the plaintiff to pay for those expenses retroactive to the date of the stipulation of settlement, January 12, 2012. The defendant appeals from so much of the August 27, 2017 order as denied those branches of her motion which were to compel the plaintiff to pay for unreimbursed medical costs and child care expenses retroactive to the date of the stipulation of settlement.
The defendant then moved, inter alia, for leave to renew and reargue those branches of her motion which were to compel the plaintiff to pay a pro rata share of the unreimbursed medical costs and child care expenses retroactive to January 12, 2012. The plaintiff cross-moved, inter alia, to compel the defendant to pay a pro rata share of the health insurance premiums for the parties' minor child. By order dated March 5, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's cross motion which was to compel the defendant to pay a pro rata share of the health insurance premiums for the parties' minor child. The defendant appeals from so much of the March 5, 2018 order as granted that branch of the plaintiff's cross motion which was to compel her to pay a pro rata share of the health insurance premiums for the parties' minor child.
The Child Support Standards Act (Domestic Relations Law § 240[1-b][h]; hereinafter CSSA) mandates vacatur of original child support stipulations when they fail to comply with CSSA guidelines. Here, pursuant to the order dated January 13, 2015, the Supreme Court found that the parties' failure to strictly comply with the CSSA with regard to the deviation from the statutory support obligations vitiated the child support provision of the stipulation of settlement with regard to apportionment of unreimbursed medical costs. The plaintiff did not appeal from the January 13, 2015 order. Thus, in denying those branches of the defendant's motion which were to compel the plaintiff to pay a pro rata share of the unreimbursed medical costs and child care expenses incurred on behalf of the parties' children retroactive to January 12, 2012, the date of the stipulation of settlement, the court improperly determined that the reimbursement of the medical costs and child care expenses was retroactive only to the filing date of the motion, relying on Luisi v Luisi (6 AD3d 398). However, in Luisi, this Court held that it was improper to award child support arrears retroactive to the date of a stipulation of settlement because the party seeking such recalculation only did so by motion in the matrimonial action rather than by plenary action (see id. at 401). Here, the defendant did properly commence a plenary action to vacate those provisions of the stipulation of settlement which pertained to the calculation of the medical costs and child care expenses and, upon vacatur, to recalculate the amounts owed. Unlike Luisi, here, the Supreme Court consolidated the plenary action with this postjudgment matrimonial action. Thus, the court should have granted those [*3]branches of the defendant's motion which sought a recalculation of the arrears owed retroactive to the date of the stipulation of settlement (see generally Jefferson v Jefferson, 21 AD3d 879, 881).
Moreover, we disagree with the Supreme Court's determination to grant that branch of the plaintiff's cross motion which was to compel the defendant to pay a pro rata share of the health insurance premiums for the parties' minor child. Separate from the provisions relating to medical costs and child care expenses, the stipulation of settlement provided that the plaintiff was to "maintain and pay for medical insurance for each [c]hild, similar to that currently provided, until that child is emancipated." Further, the stipulation of settlement provided that if any provision was held to be invalid, it would not affect the validity of any of the other provisions which would remain in full force and effect. Since the court only found that the provisions of the stipulation of settlement relating to the payment of the unreimbursed medical costs and child care expenses were invalid, all other provisions of the stipulation of settlement, including the provision governing the procurement of medical insurance, which encompassed the payment of health insurance premiums, remained in full force and effect as set forth in the stipulation of settlement (see Young v Young, 142 AD3d 612, 613-614; see e.g. Lanza v Carbone, 130 AD3d 689, 692). No showing has been made by the plaintiff to justify review or modification of the health insurance premiums provision.
Accordingly, we remit the matter to the Supreme Court, Suffolk County, to determine the amount of the plaintiff's pro rata share of the unreimbursed medical costs and child care expenses incurred on behalf of the parties' children retroactive to January 12, 2012.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court