■ Burton Thelander, Appellant, v Jean Thelander, Respondent. [838 NYS2d 786]—In a matrimonial action in which the parties were divorced by judgment entered June 13, 1995, the plaintiff appeals (1), as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated October 30, 2006, as denied that branch of his motion which was to vacate the child support provisions of a separation agreement entered into between the parties on April 5, 1994, and (2) from an order of the same court dated December 7, 2006, which granted the defendant's motion for an award of an attorney's fee in the sum of $1,000.

Ordered that the order dated October 30, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 7, 2006 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the child support provisions of the parties' separation agreement, albeit for a different reason than that articulated by the Supreme Court. A motion is not the proper vehicle for challenging a separation agreement

merged but not incorporated into a divorce judgment; rather, the plaintiff should have commenced a separate plenary action seeking vacatur or reformation of the separation agreement (*see Christian v Christian*, 42 NY2d 63, 72 [1977]; *Reiter v Reiter*, 39 AD3d 616 [2007]; *Sloboda v Sloboda*, 24 AD3d 533, 534 [2005]; *Gartley v Gartley*, 15 AD3d 995, 996 [2005]; *Luisi v Luisi*, 6 AD3d 398, 401 [2004]). However, the Supreme Court appropriately awarded an attorney's fee to the defendant pursuant to the separation agreement (*see Arato v Arato*, 15 AD3d 511 [2005]; *Millard v Millard*, 246 AD2d 349 [1998]; *cf. D'Amico v D'Amico*, 251 AD2d 616 [1998]). Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.