■ TIMOTHY MAKARA, Respondent, v KELLY MAKARA, Appellant. KAREN KHAN, Nonparty Appellant; RAYLENE SHAYO, Nonparty Respondent. [885 NYS2d 503]—

In a matrimonial action in which the parties were divorced by judgment dated June 10, 2008, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated April 8, 2008, as, in effect, upon renewal, adhered to its original determination in an order dated January 17, 2008, denying her prior motion to disqualify nonparty Raylene Shayo as attorney for the parties' five children, (2) from an order of the same court dated June 10, 2008, which granted the application of nonparty Raylene Shayo, as attorney for the parties' five children, for an award of an attorney's fee, and directed her to pay the sum of $5,532.52 of that fee to nonparty Raylene Shayo, (3) from a judgment of the same court dated August 8, 2008, which, upon the order dated June 10, 2008, is in favor of nonparty Raylene Shayo, as attorney for the parties' five children, and against her in the principal sum of $5,532.52, (4), as limited by her brief, from so much of an order of the same court dated December 3, 2008, as granted those branches of the plaintiff's cross motion and the separate cross motion of nonparty Raylene Shayo, as attorney for the parties' five children, which were for an award of costs and sanctions against her pursuant to 22 NYCRR 130-1.1, and (5), as limited by her brief, from stated portions of an order of

the same court dated December 12, 2008, which, inter alia, denied those branches of her motion which were to vacate certain portions of the judgment of divorce, to set aside a stipulation of settlement between the parties dated April 21, 2008, for recusal, and for an award of an attorney's fee against the plaintiff, and granted those branches of the plaintiff's cross motion and the separate cross motion of nonparty Raylene Shayo, as attorney for the parties' five children, which were for an award of costs and sanctions against her pursuant to 22 NYCRR 130-1.1, and nonparty Karen Khan separately appeals, as limited by her brief, from so much of the orders dated December 3, 2008 and December 12, 2008, as granted those branches of the plaintiff's cross motions and the separate cross motions of nonparty Raylene Shayo, as attorney for the parties' five children, which were for sanctions against her pursuant to 22 NYCRR 130-1.1.

Ordered that the appeal from the order dated June 10, 2008 is dismissed; and it is further,

Ordered that the orders dated April 8, 2008, December 3, 2008, and December 12, 2008 are affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated August 8, 2008 is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the order dated June 10, 2008 must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment dated August 8, 2008 (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated June 10, 2008 are brought up for review and have been considered on the appeal from the judgment dated August 8, 2008 (*see* CPLR 5501 [a] [1]).

A challenge to a stipulation of settlement which is incorporated but not merged into a judgment of divorce must be made by plenary action, and not by motion (*see Candela v Kiel,* 33 AD3d 833, 834 [2006]; *Spataro v Spataro,* 268 AD2d 467, 468 [2000]; *Matter of Scalabrini v Scalabrini,* 242 AD2d 725, 726 [1997]). Here, the defendant sought to set aside the stipulation of settlement by motion rather than by plenary action. Consequently, the Supreme Court properly denied her request for relief (*see Reiter v Reiter,* 39 AD3d 616 [2007]).

The remaining contentions of the defendant and nonparty Karen Khan either are not properly before this Court, refer to matter dehors the record, or are without merit. Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.