(January 12, 2010)

■ MELANIE L. MARIN, Respondent, v ANTONY ANISMAN, Appellant. [892 NYS2d 390]—

A separation agreement that is incorporated but not merged into a divorce judgment survives as a separately enforceable contract that can only be set aside by plenary action, not by mo-

tion in the divorce action (*Granato v Granato*, 51 AD3d 589 [2008]; *Thelander v Thelander*, 42 AD3d 495 [2007]; *Zavaglia v Zavaglia*, 234 AD2d 1010 [1996]). As a result, the motion court properly declined to vacate the child support provisions of the parties' separation agreement.

At oral argument, defendant former husband's counsel informed the court that he had simultaneously filed a plenary action to set aside the child support provisions of the separation agreement. Plaintiff's counsel agreed to consolidate that action with the divorce action, and the court stated that it would so order the stipulation. Despite this, defendant's counsel never submitted a stipulation to the court or took any further steps to prosecute the plenary action. Nor does defendant claim he could not have sought a stay of execution of the money judgment so the court could determine the validity of the child support provisions in the plenary action. Thus, defendant had remedies available to him to ensure that his objections could be timely considered.

In setting the amount of the judgment, the motion court accepted plaintiff's calculations for 2005, which included $26,665 attributable to child care, an amount far exceeding the $1,590 in child care expenses she actually incurred for that year. There is no basis for awarding plaintiff an amount greater than her actual child care costs, in light of the language of the parties' separation agreement providing for payment of child care expenses "incurred" by plaintiff. Thus, the award should be reduced by $25,075.

In light of our determination, we need not reach defendant's remaining contentions. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Renwick and Richter, JJ.