■ JENNIFER BARANY, Appellant, v STANLEY BARANY, Respondent. [898 NYS2d 146]—

In a matrimonial action in which the parties were divorced by judgment of divorce entered May 5, 2003, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (McNulty, J.), dated September 2, 2008, which denied her postjudgment motion to hold the defendant in contempt, sua sponte vacated the child support provisions of the parties' separation agreement on the ground that they did not comply with Domestic Relations Law § 240 (1-b) (h), and set the matter down for a de novo hearing on the issues of child support, child care expenses, and health care expenses, and (2) an order of the same court dated February 4, 2009, which denied her motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated February 4, 2009, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Crawn v Sayah, 31 AD3d 367 [2006]; Rivera v Toruno, 19 AD3d 473, 474 [2005]); and it is further,

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order dated September 2, 2008, as, sua sponte, vacated the child support provision of the parties' separation agreement and set the matter down for a hearing is treated as an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated September 2, 2008, is reversed, on the law, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the plaintiff's motion to hold the defendant in contempt; and it is further,

Ordered that the appeal from so much of the order dated Feb-

ruary 4, 2009, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated September 2, 2008; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Following almost seven years of marriage, the plaintiff and the defendant were divorced by judgment entered May 5, 2003, which incorporated, but did not merge with, the parties' separation agreement, whereby, among other things, the plaintiff retained custody of the parties' daughter, and the defendant was directed to pay child support in the sum of $250 per week. As a result of the defendant's allegedly sporadic payments of child support, the plaintiff moved to hold the defendant in contempt of court pursuant to Domestic Relations Law § 245 and Judiciary Law § 753, for his contumacious failure to pay child support, thus accumulating arrears of $52,155.

Although the defendant failed to bring a cross motion or plenary action to vacate or set aside the separation agreement, he nonetheless asserted in his opposition papers that the separation agreement's child support provisions were invalid and unenforceable for failure to comply with the recitation requirements of the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [h]). The Supreme Court denied the plaintiff's contempt motion and sua sponte vacated the child support provisions as unenforceable, setting the matter of child support, child care expenses, and health care expenses down for a de novo hearing. The plaintiff unsuccessfully moved for reargument and renewal of that order. These appeals ensued from the resulting orders.

Under the circumstances, the Supreme Court erred in sua sponte vacating the child support provisions of the parties' separation agreement. The proper vehicle for challenging the propriety of child support provisions contained in a separation agreement or stipulation of settlement incorporated, but not merged, into a divorce judgment is by either commencing a separate plenary "action in which such relief is sought in a cause of action" or by motion within the context of an enforcement proceeding (Christian v Christian, 42 NY2d 63, 72 [1977]; see Makara v Makara, 65 AD3d 1018, 1019 [2009], lv denied 14 NY3d 765 [2010]; Fasano v Fasano, 43 AD3d 988, 990 [2007]; Calian v Calian, 28 AD3d 506, 507 [2006]; Gartley v Gartley, 15 AD3d 995, 996 [2005]; Luisi v Luisi, 6 AD3d 398, 401 [2004]).

Here, the defendant neither interposed a cross motion, nor commenced a separate plenary action, seeking to vacate or set

aside the purportedly unenforceable child support provisions (*see Sloboda v Sloboda*, 24 AD3d 533, 534 [2005]; *Jefferson v Jefferson*, 21 AD3d 879, 881 [2005]). Thus, the Supreme Court erred in sua sponte vacating the child support provisions in the separation agreement and denying the plaintiff's contempt motion (*see Matter of Young v Young*, 299 AD2d 783 [2002]). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for a determination of the plaintiff's motion on the merits. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.