■ LIZETTE A. LEPE, Formerly Known as LIZETTE A. RODRIGUEZ, Appellant, v LOUIS RODRIGUEZ, Respondent. [899 NYS2d 856]—In a matrimonial action in which the parties were divorced by judgment entered June 12, 2000, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated July 15, 2009, as denied those branches of her motion which were, in effect, to vacate the child support provisions of a stipulation of settlement entered into by the parties on March 24, 1999, which was incorporated but not merged into the judgment of divorce, on the ground that those provisions did not comply with Domestic Relations Law § 240 (1-b) (h), and to recalculate child support de novo.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied those branches of the plaintiff's motion which were, in effect, to vacate the child support provisions of a stipulation of settlement entered into by the parties on March 24, 1999, which was incorporated but not merged into a judgment of divorce, on the ground that those provisions did not comply with Domestic Relations Law § 240 (1-b) (h), and to recalculate child support de novo. A postjudgment motion in a matrimonial action is not the proper vehicle for challenging the propriety of child support provisions contained in a stipulation of settlement incorporated but not

merged into a judgment of divorce (*see Barany v Barany*, 71 AD3d 613 [2010]; *Thelander v Thelander*, 42 AD3d 495, 496 [2007]; *Luisi v Luisi*, 6 AD3d 398, 401 [2004]). A challenge to such a stipulation must be made by the commencement of a separate plenary action to set aside the stipulation (*see Barany v Barany*, 71 AD3d 613 [2010]; *Thelander v Thelander*, 42 AD3d at 496; *Luisi v Luisi*, 6 AD3d at 401). Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.