[908 NYS2d 324]

BJG, Plaintiff, v MDG, Defendant.

Supreme Court, Nassau County, August 31, 2010

**APPEARANCES OF COUNSEL**

*Bechtle & Murphy*, Garden City (*Eugene W. Bechtle* of counsel), for defendant. *Eric Dubinsky*, Westbury, for plaintiff.

**OPINION OF THE COURT**

ANTHONY J. FALANGA, J.

This is an order to show cause by the plaintiff (hereinafter husband) for an order joining the above-captioned plenary action, seeking judgment setting aside the child support provisions of the parties' stipulation of settlement dated April 4, 2003, incorporated and not merged into the judgment of divorce dated May 30, 2003, with post-judgment-of-divorce proceedings presently pending before Special Referee Schaffer in the matrimonial action entitled *MG v BG* (index No. 03-200933). The defendant in the plenary action (hereinafter wife) opposes the within application.

The parties were divorced pursuant to a judgment dated May 30, 2003. Their stipulation of settlement, dated April 4, 2003 was incorporated, but not merged, into the judgment of divorce. Pursuant to said stipulation and judgment, each party is obligated to pay 50% of certain college expenses on behalf of each child (M born in 1990; C born in 1991; L born in 1993; and J born in 1995) after the expenditure of certain designated savings accounts. The parties' stipulation of settlement sets forth that the husband earned 64% and the wife earned 36% of the combined parental income of $131,453 and that the husband's child support obligation pursuant to Child Support Standards Act guidelines would have been $2,173 per month. The parties agreed to deviate from said guidelines "because of the actual needs of the children" and because the direct support amount agreed to "includes the cost of child care, Catholic school and other expenses for the children." The husband was obligated to pay $3,300 a month for child support, which obligation increases periodically according to the consumer price index.

Pursuant to a postjudgment order to show cause submitted on January 22, 2009, the wife moved for an order adjudging the husband in contempt for failing to pay college expenses of $2,116.50. She also sought an award of reasonable counsel fees. The husband cross-moved for an order granting him a downward modification of his obligation to pay child support. Thereafter, the husband withdrew his application for a downward modification. Pursuant to an order dated June 18, 2009, the husband was ordered to pay counsel fees to the wife of $750.

Pursuant to a postjudgment order to show cause submitted on June 1, 2010, the wife moved for an order adjudging the husband in contempt for his alleged wilful failure to pay (1) child support of $8,625 as of January 2010; (2) tuition of

$2,187.30; (3) cost of living increases of $1,895; (4) laptop and printer expenses of $254.74; and (5) counsel fees of $750. The wife also sought an award of counsel fees for costs incurred incident to the within motion. The husband moved for an order terminating his obligation to pay support for the parties' two older children on the ground that said children constructively emancipated themselves. Pursuant to an order dated June 18, 2010 the following issues were referred to a hearing: (1) the wife's application for an order adjudging the husband in contempt; (2) the wife's application for a money judgment for child support and cost of living arrears; (3) the wife's application for an award of counsel fees and (4) the husband's application for an order terminating his obligation to pay child support retroactive to March 4, 2010. A hearing on said issues calendared for July 21, 2010 at 9:30 A.M. before Special Referee Lawrence M. Schaffer was adjourned to August 23, 24 and 25, 2010 by Special Referee Schaffer.

The husband commenced the above-captioned action, seeking to vacate the child support provisions of the parties' stipulation of settlement, on March 27, 2009, over 17 months ago, but waited until on or about July 21, 2010 to file a request for judicial intervention (RJI).

In support of the within motion, the husband contends that the above-captioned plenary action and the aforesaid post-judgment-of-divorce proceedings share common questions of law and fact and joinder will promote judicial economy. The husband's counsel states that once depositions are completed in the plenary action, the husband "expects to file a dispositive motion." The wife opposes the within application on the grounds that (1) the plenary action is devoid of merit; (2) the husband has previously sought to avoid his support obligations by filing an application for a downward modification, which he withdrew prior to a hearing; (3) the husband, by filing the RJI herein on July 21, 2010, is again seeking to delay/avoid a hearing on the wife's application for an order adjudging the husband in contempt and the husband's application to have the parties' two older children declared emancipated, which is scheduled to be heard on August 23, 2010; (4) pursuant to the order dated June 18, 2010, the court rejected the husband's request to delay adjudication of the wife's contempt application pending the determination of the plenary action; (5) arrears are now approximately $25,000; (6) there are issues before Special Referee Schaffer that have no relation to the plenary action; and (7) the husband is guilty of laches in waiting 17 months to file an RJI.

The Appellate Division, Second Department, permits a payor to challenge the validity of the child support provisions of a stipulation of settlement incorporated into a judgment of divorce by two means. The payor may raise the failure of the child support provisions of a stipulation to comply with Domestic Relations Law § 240 (1-b) in a cross motion to an enforcement proceeding brought by the payee, or the payor may commence a plenary action seeking vacatur or reformation of said provisions. However, the procedural vehicle selected by the payor will determine the extent of the relief to which the payor may be entitled. A payor who successfully cross-moves for vacatur of the child support provisions of a stipulation incorporated into a judgment of divorce is entitled to relief only as of the date of service of the cross motion (*Luisi v Luisi*, 6 AD3d 398 [2004]). A payor who seeks vacatur of such child support provisions retroactive to the date of the execution of the stipulation of settlement can obtain said relief only by means of a plenary action (*see Barany v Barany*, 71 AD3d 613 [2010]). Accordingly, a successful cross motion will result in a de novo determination of child support from the date of service of said cross motion, but will not relieve the payor from any support obligations accrued prior to said date. Such payor may be adjudicated in contempt for the failure to comply with the judgment of divorce through the date of service of the cross motion. In addition, upon the granting of such cross motion and the determination of child support de novo, a court must grant a temporary award of child support for any unemancipated children.

A payor who succeeds in a plenary action will be entitled to a de novo determination of child support retroactive to the date of the parties' stipulation of settlement, but the mere commencement and service of process of a plenary action seeking vacatur of the child support provisions of a judgment of divorce does not preclude enforcement of said child support obligation during the pendency of the plenary action, which could be lengthy, as in the case at bar. Children need to eat every day, and a payor is obligated to comply with the child support provisions of a judgment of divorce until same are set aside. The joinder of the plenary action herein would inordinately delay the adjudication for the wife's post-judgment-of-divorce enforcement application, to the detriment of the children. In addition, the application for an order deeming the parties' two older children to be emancipated does not share common questions of fact or law with the plenary action. Further, the plenary action does not seek to vacate

the provisions of the stipulation relating to college and accordingly the pending proceeding seeking enforcement of the husband's obligation to pay same will not be affected by the plenary action.

Based upon all of the foregoing, the motion is denied. The parties and counsel shall appear before Special Referee Schaffer for the hearing in action 03-200933 on a date to be set forth by said Special Referee. The above-captioned action shall be set down for a preliminary conference pursuant to a separate order.