■ Renata Brody, Appellant, v Dennis Brody, Respondent. [918 NYS2d 383]—

The Supreme Court properly denied those branches of the plaintiff's motion which were to set aside the child support provisions of a stipulation of settlement entered into by the parties on September 13, 2002, which was incorporated but not merged into a judgment of divorce, on the ground that those provisions did not comply with Domestic Relations Law § 240 (1-b) (h), and to recalculate child support de novo. "A postjudgment motion in a matrimonial action is not the proper vehicle for challenging the propriety of child support provisions contained in a stipulation of settlement incorporated but not merged into a judgment of divorce" (*Lepe v Rodriguez*, 73 AD3d 710, 710-711 [2010]; *see Barany v Barany*, 71 AD3d 613, 614 [2010]; *Makara v Makara*, 65 AD3d 1018, 1019 [2009]; *cf. Luisi v Luisi*, 6 AD3d 398, 400 [2004]). "A challenge to such a stipulation must be made by the commencement of a separate plenary action to set aside the stipulation" (*Lepe v Rodriguez*, 73 AD3d at 711; *see Barany v Barany*, 71 AD3d at 614; *Makara v Makara*, 65 AD3d at 1019).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Covello, J.P., Belen, Hall and Cohen, JJ., concur.