Jagassar v Deonarine (2021 NY Slip Op 00549)





Jagassar v Deonarine


2021 NY Slip Op 00549


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-14217
 (Index No. 23650/11)

[*1]Kenrick Jagassar, respondent,
v
Vidya Deonarine, appellant.


Katz Silverman Law Group, LLP, Kew Gardens, NY (Joshua R. Katz of counsel), for appellant.
Law Office of John L. Maccarone, P.C., Glen Cove, NY (Kevin P. Maccarone of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered May 19, 2015, the defendant appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), entered September 24, 2018. The order, insofar as appealed from, denied the defendant's motion, inter alia, to enforce certain provisions of the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, and granted those branches of the plaintiff's cross motion which were to vacate the provisions of the parties' stipulation of settlement concerning equitable distribution and maintenance.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's cross motion which were to vacate the provisions of the parties' stipulation of settlement concerning equitable distribution and maintenance are denied, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendant's motion.
The parties were married on March 21, 1986, and have two adult children. On October 16, 2014, the parties entered into a stipulation of settlement, which awarded certain property to the defendant, the children, and the parties' jointly held business. The parties remained joint owners of certain property, with the children added as co-owners to certain property. The parties also retained individual ownership of certain property. The defendant was awarded maintenance in the sum of $500 per week. A judgment of divorce, which incorporated but did not merge the stipulation of settlement, was entered on May 19, 2015.
In March 2018, the defendant moved, inter alia, to enforce certain provisions of the parties' stipulation of settlement. She asserted that the plaintiff was in arrears in the total amount of $258,854.18. The plaintiff opposed the motion, arguing that the stipulation of settlement was unconscionable, and cross-moved to vacate the stipulation of settlement.
In an order entered September 24, 2018, the Supreme Court, without a hearing, granted those branches of the plaintiff's cross motion which were to vacate the provisions of the stipulation of settlement concerning equitable distribution and maintenance. The court noted that, [*2]although it was "loathe to disturb an agreement entered into between the parties, upon consideration of the substance of the agreement, the court has no choice but to set aside the portions of the agreement that address equitable distribution and maintenance" on the ground that those provisions "shock[ed] the conscience." The court also denied the defendant's motion. The defendant appeals.
Under the circumstances presented here, a plenary action was required to seek to set aside the stipulation of settlement, which was incorporated but not merged into the judgment of divorce (see Martelloni v Martelloni, 186 AD3d 1660; Campello v Alexandre, 155 AD3d 1381; Brody v Brody, 82 AD3d 812; Marin v Anisman, 69 AD3d 440). There are exceptions to this general rule, such as where reformation of a separation agreement is sought to conform the agreement with the intent of the parties (see Dickson v Dickson 127 AD3d 1128, 1130; Book v Book, 58 AD3d 781), or where the matrimonial action is still pending and was not terminated with entry of a judgment (see Cruciata v Cruciata, 10 AD3d 349), or in certain circumstances where enforcement of child support is sought (see Barany v Barany, 71 AD3d 613). None of these exceptions are applicable here.
In view of the foregoing, those branches of the plaintiff's cross motion which were to vacate the provisions of the stipulation of settlement concerning equitable distribution and maintenance should have been denied. We remit the matter to the Supreme Court, Queens County, for a new determination of the defendant's motion.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court