Matter of Weiss v Rosenthal (2021 NY Slip Op 03595)





Matter of Weiss v Rosenthal


2021 NY Slip Op 03595


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-08698
 (Docket No. V-3370-10/15V)

[*1]In the Matter of Gony Weiss, respondent,
v
Jared Rosenthal, appellant.


Jared Rosenthal, Upper Saddle River, New Jersey, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from stated portions of an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), dated July 7, 2017. The order, inter alia, denied the father's motion to dismiss the mother's petition to hold him in civil contempt and to vacate a prior finding of contempt for his failure to comply with a prior order of the same court dated December 11, 2014, directing him to pay attorney's fees in the sum of $48,753.86 directly to the mother's counsel.
ORDERED that the order dated July 7, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in June 2010 and divorced in August 2011. They have one child, who was born in 2010. In or around February 2015, the mother filed a petition against the father seeking, inter alia, to hold the father in civil contempt for failure to comply with a prior order of the Family Court entered December 11, 2014 (hereinafter the December 2014 order), which directed him, among other things, to pay attorneys' fees directly to the mother's counsel in the sum of $48,753.86. The December 2014 order was affirmed by this Court (see Matter of Weiss v Rosenthal, 135 AD3d 780). The father cross-moved to dismiss the mother's contempt petition against him. In an order dated December 29, 2015 (hereinafter the December 2015 order), the Family Court, inter alia, granted the mother's petition, denied the father's cross motion, and found the father in contempt of the December 2014 order.
The father did not timely move for leave to renew or reargue with respect to the December 2015 order. Instead, approximately nine months later, the father made a motion (hereinafter the father's September 2016 motion) (1) again seeking dismissal of the mother's contempt petition; and (2) seeking vacatur of the contempt finding in the December 2015 order. Thereafter, in an order dated July 7, 2017, the Family Court, inter alia, denied the father's September 2016 motion and sentenced him to 30 days in jail, but suspended the sentence for a period of 60 days to allow the father to purge the contempt and the jail sentence by paying the mother's counsel the sum of $48,753.83. The father appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Lugo v Torres, 174 AD3d 595, 596 [internal quotation marks omitted]). To prevail on a motion to hold another party in civil contempt, the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d [*2]19, 29; Lugo v Torres, 174 AD3d at 596). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (Lugo v Torres, 174 AD3d at 596).
Here, the December 2014 order was unequivocal; it required the father to pay the mother's counsel fees in the sum of $48,753.86. There is no dispute that the father was aware of this order. Moreover, the mother was prejudiced by the father's failure to pay the counsel fees which she was awarded. Thus, the mother established her entitlement to a finding of contempt against the father (see id. at 596-597; Matter of Burke v Erle, 125 AD3d 773, 774).
Contrary to the father's contention, he failed to show that he was unable to comply with the December 2014 order due to an inability to pay (see Lugo v Torres, 174 AD3d at 596-597; see also Nederlander v Nederlander, 102 AD3d 416, 417-418). The Family Court noted that the father had not alleged that his financial circumstances had changed since the time he testified before the court, that the court had found in prior proceedings that the father's contentions regarding his financial circumstances were not credible, and that, in a prior proceeding regarding the father's willful failure to pay child support, the father, when facing incarceration, satisfied a purge of amount of $25,000 the same day it was imposed to avoid incarceration. The court also observed that the father did not allege that he no longer drove a luxury car, no longer lived in his parents' large home, and no longer took the parties' child on vacation to Florida. Indeed, the father appears to have significant financial resources from his family, who have paid the father's own legal fees in his proceedings (see Lugo v Torres, 174 AD3d at 596-597; see also Nederlander v Nederlander, 102 AD3d at 417-418). Thus, we find no basis to disturb the court's rejection of the father's contention that he is unable to pay the outstanding counsel fees that he was directed to pay in the December 2014 order.
The father's remaining contention is without merit.
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court