Bauman v Bauman (2022 NY Slip Op 04945)

Bauman v Bauman

2022 NY Slip Op 04945

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-01779
2020-02774
 (Index No. 202566/08)

[*1]Dorothy Bauman, respondent, 
v
Stephen Bauman, appellant.

Alexander Potruch, LLC, Garden City, NY, for appellant.
Dorothy Bauman, Jericho, NY, respondent pro se.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered September 25, 2013, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated January 3, 2020, and (2) an order of the same court dated March 3, 2020. The order dated January 3, 2020, after a hearing, inter alia, granted the plaintiff's motion to hold the defendant in civil contempt, in effect, for failure to pay arrears and counsel fees pursuant to certain provisions of the parties' judgment of divorce, and to pay counsel fees pursuant to two money judgments of the same court entered August 19, 2013, and April 10, 2017, respectively, and for an award of counsel fees, and awarded the plaintiff counsel fees in the sum of $17,000. The order dated March 3, 2020, insofar as appealed from, denied the defendant's motion pursuant to CPLR 4404(b) to vacate and set aside the order dated January 3, 2020.
ORDERED that the order dated January 3, 2020, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for an award of counsel fees and awarding the plaintiff counsel fees in the sum of $17,000, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated January 3, 2020, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated March 3, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The parties' judgment of divorce entered September 25, 2013, upon an order of fact-finding dated March 10, 2013, inter alia, directed the defendant to pay the plaintiff the sum of $420,189 in arrears for the carrying charges on the marital residence, and awarded the plaintiff counsel fees in the sum of $30,000. Prior to entry of the judgment of divorce, the $30,000 award of counsel fees was reduced to a money judgment in favor of the plaintiff's counsel in the principal sum of $30,525, which was entered on August 19, 2013. By decision and order dated October 21, 2015, this Court, inter alia, modified the judgment of divorce by reducing the arrears owed by the defendant for the carrying charges on the marital residence from $420,189 to $206,094.50, and affirmed the $30,000 award of counsel fees (see Bauman v Bauman, 132 AD3d 791). As a result of a postjudgment motion by the plaintiff, by order dated January 20, 2017, the plaintiff was awarded additional counsel fees in the sum of $9,500. The additional $9,500 award of counsel fees was [*2]subsequently reduced to a money judgment in favor of the plaintiff's counsel in the principal sum of $9,675.41, which was entered on April 10, 2017.
In May 2018, the plaintiff moved pursuant to Domestic Relations Law § 245 to hold the defendant in civil contempt based upon his failure to pay the sum of $206,094.50 in arrears for the carrying charges on the marital residence or the counsel fees totaling $40,500.10, and for an award of counsel fees. In an order dated January 3, 2020, the Supreme Court, after a hearing, inter alia, granted the plaintiff's motion, and awarded the plaintiff additional counsel fees in the sum of $17,000. The defendant subsequently moved pursuant to CPLR 4404(b) to vacate and set aside the order dated January 3, 2020. In an order dated March 3, 2020, the court, among other things, denied the defendant's motion. The defendant appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court" (Matter of Weiss v Rosenthal, 195 AD3d 730, 731 [internal quotation marks omitted]; see Lugo v Torres, 174 AD3d 595, 596). "To prevail on a motion to hold a party in civil contempt, the movant must establish, by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation" (Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1032; see Domestic Relations Law § 245; El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Lugo v Torres, 174 AD3d at 596). Wilfulness is not an element of civil contempt, however, the party alleged to be in contempt may offer as a defense evidence of his or her inability to comply with the order or judgment (see El-Dehdan v El-Dehdan, 26 NY3d at 35; Shemtov v Shemtov, 153 AD3d 1295, 1296; Cassarino v Cassarino, 149 AD3d 689, 691).
Here, the plaintiff met her burden of establishing, by clear and convincing evidence, that the judgment of divorce, as modified by this Court, included an unequivocal mandate directing the defendant to pay the plaintiff the sum of $206,094.50 in arrears for the carrying charges on the marital residence, which mandate was disobeyed by the defendant who had knowledge thereof, and that the plaintiff was prejudiced thereby (see El-Dehdan v El-Dehdan, 26 NY3d at 29). Similarly, the plaintiff met her burden of establishing, by clear and convincing evidence, that the money judgments entered August 19, 2013, and April 10, 2017, included unequivocal mandates directing the defendant to pay counsel fees to the plaintiff's counsel in the sums of $30,525 and $9,975.10, respectively, which were disobeyed by the defendant who had knowledge thereof, and that the plaintiff was prejudiced thereby (see id.; Matter of Weiss v Rosenthal, 195 AD3d at 732). Moreover, giving deference to the hearing court's determinations with regard to credibility (see Matter of Ferrer v Brown, 165 AD3d 929, 930), the defendant failed to establish as a defense that he was unable to pay the amounts directed (see El-Dehdan v El-Dehdan, 26 NY3d at 35; Matter of Weiss v Rosenthal, 195 AD3d at 732). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to hold the defendant in civil contempt.
However, the Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of counsel fees. A party moving for counsel fees in a domestic relations matter must make a prima facie showing of substantial compliance with, inter alia, 22 NYCRR 1400.3 (see Gottlieb v Gottlieb, 101 AD3d 678, 679). Here, the plaintiff failed to establish, prima facie, substantial compliance with 22 NYCRR 1400.3 (see Matter of Silver v Green, 119 AD3d 806, 808; Gottlieb v Gottlieb, 101 AD3d at 679; Sherman v Sherman, 34 AD3d 670, 671). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for an award of counsel fees.
The defendant's remaining contentions are without merit.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court