Matter of Goetz Fitzpatrick LLP v OTR Media Group, Inc. (2022 NY Slip Op 06648)

Matter of Goetz Fitzpatrick LLP v OTR Media Group, Inc.

2022 NY Slip Op 06648

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Index No. 157903/18 Appeal No. 16714-16715-16715A Case No. 2021-02205, 2021-02213, 2021-02950 

[*1]In the Matter of Goetz Fitzpatrick LLP, Petitioner-Respondent,
v
OTR Media Group, Inc., Respondent-Appellant. Aharon Noe, Nonparty Appellant.

Hagan Coury & Associates, Brooklyn (Paul Golden of counsel), for appellants.
Goetz Fitzpatrick LLP, New York (Scott D. Simon of counsel), for respondent.

Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 1, 2021, in favor of petitioner, pursuant to an order, same court and Justice, entered May 12, 2021, which, among other things, granted petitioner's motion for sanctions against nonparty Aharon Noe for failure to respond to post-judgment subpoenas, and imposed a $55,355.69 sanction against him in the form of attorneys' fees, plus costs and disbursements (Sanctions Order), and order, same court and Justice, entered on or about July 13, 2021, which, following Noe's noncompliance with a directive in the Sanctions Order to produce additional documents in response to the subpoenas, directed that he be imprisoned for a period of 30 days, unanimously affirmed, with costs. Appeal from May 12 order, unanimously dismissed, without costs, as subsumed in the appeal from the June 1 judgment.
In May 2018, petitioner was awarded a judgment against respondent OTR Media Group, Inc. (OTR) in the sum of $320,372. That judgment has not been paid and, with accrued interest, has grown to approximately $500,000. In an effort to collect on the judgment, petitioner served OTR with post-judgment discovery demands and subpoenas. Petitioner also noticed a deposition of Noe, OTR's president and sole employee. OTR and Noe did not timely produce documents or otherwise respond, and Noe failed to appear for deposition. After several attempts to secure compliance, petitioner commenced the instant special proceeding in Supreme Court, New York County, in August 2018, seeking an order of contempt against OTR and Noe.
Various proceedings were held, including a stay issued in a separate proceeding by Supreme Court, Kings County (lifted in June 2019), during which time Noe purportedly attempted to comply with the subpoenas. In October 2019, Supreme Court, New York County, granted petitioner's contempt application to the extent of holding OTR (but not Noe) in civil contempt (the First Contempt Order). In May 2020, Supreme Court issued a second contempt order, based on OTR's failure to purge. The court held that it could not hold Noe in contempt, however, finding that Noe had not been properly served (the Second Contempt Order).
In March 2021, we unanimously reversed the Second Contempt Order, held Noe in contempt, and remanded the matter to Supreme Court for the imposition of sanctions (see Matter of Goetz v Fitzpatrick LLP v OTR Media Group, Inc., 192 AD3d 474 [1st Dept 2021], lv dismissed 37 NY3d 1080 [2021] ["Goetz I"]).
On remand, Supreme Court reinstated the matter to its calendar and directed the parties to submit briefing on the issue of sanctions. In May 2021, Supreme Court issued a Sanctions Order and held that petitioner was entitled to the sanction of imprisonment if a "full and complete document production is not made . . . or if Noe does not appear for his deposition and fully testify." The court found that Noe had demonstrated that "another order without the threat of imprisonment will just [*2]lead to further noncompliance." Nonetheless, the court granted Noe 10 additional days to comply with the underlying subpoenas, following entry of the Sanctions Order. The court warned Noe that, if he failed to fully comply, it would "issue a warrant, upon an affirmation by petitioner without further notice attesting to Noe's non-compliance, directed to the sheriff or other enforcement officer . . . to imprison Noe." The court reserved decision on the length of Noe's potential imprisonment.
On May 27, 2021, after an extension of time afforded by petitioner's counsel, Noe made a production, consisting almost entirely of blank or nonresponsive documents, which petitioner described as "meaningless." On June 2, 2021, petitioner filed an affirmation of noncompliance in support of its request for a warrant of incarceration.
The court scheduled a hearing for June 8. On the day of the hearing, Noe's counsel filed an affirmation which, inter alia, emphasized that Noe had attested that he had produced additional documents and had nothing else to produce. At the sanctions hearing that same day, Noe testified that OTR had lost documents during an eviction, lost more documents when its computer server crashed in 2015 or 2016, and lost additional documents sometime between 2016 and 2018 during a ransomware attack. No corroboration was proffered.
In July 2021, Supreme Court issued an Imprisonment Order. The court found that petitioner had established Noe's noncompliance with the Sanctions Order by failing to provide responses to 10 of the 12 categories of requested documents, including bank statements, a general ledger, payroll reports, tax returns, and financial records. The court found Noe's excuses for nonproduction to be "incredible and otherwise unsubstantiated." The court ordered that Noe be imprisoned for 30 days, followed by a 14-day opportunity to comply with the Sanctions Order.
Our order in Goetz I established that Noe is in contempt for his failure to respond to the underlying subpoenas (see 192 AD3d at 474) and remanded the matter to Supreme Court for the imposition of sanctions. No "new contempt" arose from Noe's failure to comply with the Sanctions Order, which simply directed him to comply with the subpoenas. Noe was not entitled to the myriad due process protections that he claims were owed to him at this limited purpose hearing.
The court properly issued the Sanctions Order and judgment, awarding attorneys' fees to petitioner in the amount of $55,355.69 (see e.g. Pace Adv. Agency, Inc. v Manhattan Pac. Mgt. Co., 237 AD2d 131 [1st Dept 1997]). The amount of the fee award, which is reasonable, reflects a voluntary reduction by plaintiff from $86,943.60 to $55,355.69 related to the cost of bringing this action, engaging in significant motion practice, and prosecuting a successful appeal. While Noe might ordinarily be entitled to an evidentiary hearing where he could challenge the value and extent of petitioner's fees, in this case he has [*3]waived such right, given that he "failed to object to the reasonableness of the fees in his opposition papers and did not request a hearing on the issue" (Beal v Beal, 196 AD2d 471, 473 [2d Dept 1993]). Regardless, under the circumstances, the voluntary 30% discount was sufficient to assuage any concerns about the reasonableness of the fees.
Given Noe's continued refusal and failure to fully respond to the underlying subpoenas, the multiple extensions afforded for Noe to comply, and the incredible explanations he advanced before Supreme Court for failing to wholly purge his contempt, we find that Supreme Court providently exercised its discretion in ordering a jail term of 30 days as a sanction appropriately tailored to the contempt (see Judiciary Law §§ 753[A][5], 774[1]; Matter of Weiss v Rosenthal, 195 AD3d 730, 731-732 [2d Dept 2021]; People ex rel Kuby v Warden, Brooklyn House of Detention, 305 AD2d 339, 340 [2d Dept 2003]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022