Reisz v Reisz (2025 NY Slip Op 03089)

Reisz v Reisz

2025 NY Slip Op 03089

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-07915
 (Index No. 8383/21)

[*1]Yoel Reisz, respondent, 
v
Leah Reisz, appellant.

The Behrins Law Firm, Staten Island, NY (Jonathan B. Behrins of counsel), for appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Orange County (E. Loren Williams, J.), dated July 19, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to hold the defendant in civil contempt for violating an order of the same court dated November 29, 2022, and for an award of counsel fees.
ORDERED that the order dated July 19, 2023, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for an award of counsel fees, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated July 19, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2008 and have four children. In 2021, the parties entered into two separation agreements that both provided a specific schedule of parental access for the plaintiff. Thereafter, the plaintiff commenced this action for a divorce and ancillary relief. In an order dated November 29, 2022, the Supreme Court, inter alia, directed the parties to comply with the parental access schedule set forth in the separation agreements.
The plaintiff moved, among other things, to hold the defendant in civil contempt for violating the parental access provision of the order dated November 29, 2022, and for an award of counsel fees. In an order dated July 19, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Matter of Garanin v Bykhovsky, 216 AD3d 779, 780 [internal quotation marks omitted]). "The movant must establish that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) the movant was prejudiced by the offending conduct" (Matter of Freeborn v Elco, 188 AD3d 677, 680 [internal quotation marks omitted]; see Judiciary Law § 753[A][3]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (Anonymous 2011-3 v Anonymous 2011-4, 219 AD3d 558, 559 [internal quotation marks omitted]).
Here, the plaintiff established, by clear and convincing evidence, that the order dated November 29, 2022, included an unequivocal mandate to the parties to comply with the schedule of parental access set forth in the separation agreements, that the defendant disobeyed the mandate and had knowledge thereof, and that the plaintiff was prejudiced thereby (see Bauman v Bauman, 208 AD3d 624, 626). In opposition, the defendant failed to refute the plaintiff's showing or establish that she was unable to comply with the mandate. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to hold the defendant in civil contempt.
However, the Supreme Court erred in granting that branch of the plaintiff's motion which was for an award of counsel fees. A party moving for an award of counsel fees in a domestic relations matter from an adversary spouse must establish, prima facie, that there was substantial compliance with, among other things, 22 NYCRR 1400.3 (see Bauman v Bauman, 208 AD3d at 626; Montoya v Montoya, 143 AD3d 865, 866; Mulcahy v Mulcahy, 285 AD2d 587, 588). Here, the plaintiff failed to establish that a retainer agreement was filed with the court prior to the making of the motion and that his attorney complied with the rules requiring periodic billing statements at least every 60 days (see 22 NYCRR 1400.2, 1400.3[9]; Bauman v Bauman, 208 AD3d at 626; Montoya v Montoya, 143 AD3d at 866; Bentz v Bentz, 71 AD3d 931, 932; Wagman v Wagman, 8 AD3d 263). Accordingly, the court should have denied that branch of the plaintiff's motion which was for an award of counsel fees.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court