Naser v Naser (2025 NY Slip Op 07391)

Naser v Naser

2025 NY Slip Op 07391

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-00306
 (Index No. 53764/16)

[*1]Nehal Hamed Naser, respondent,
vAhmed Mohamed Naser, appellant.

Juan P. Luciano, New York, NY, for appellant.
Dalia Zaza, Manhasset, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated December 20, 2019, the defendant appeals from an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated November 22, 2022. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt for failing to comply with the child support and maintenance provisions of the parties' stipulation of settlement and judgment of divorce.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were divorced by a judgment dated December 20, 2019, which incorporated but did not merge the parties' stipulation of settlement, whereby the defendant was required to pay child support in the sum of $1,820 per month and maintenance in the sum of $520 per month. In April 2021, the plaintiff moved, inter alia, to hold the defendant in civil contempt for failing to comply with the child support and maintenance provisions of the stipulation of settlement and judgment of divorce. The defendant opposed the motion, contending that the child support provisions of the stipulation of settlement and judgment of divorce were invalid and unenforceable because they failed to include the recitals required by the Child Support Standards Act (CSSA) (Domestic Relations Law § 240[1-b]). In an order dated November 22, 2022, the Supreme Court, among other things, in effect, granted that branch of the plaintiff's motion. The defendant appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court" (Bauman v Bauman, 208 AD3d 624, 625 [internal quotation marks omitted]; see Shemtov v Shemtov, 153 AD3d 1295, 1295). To prevail on a civil contempt motion, the movant "must establish by clear and convincing evidence (1) that a lawful order or judgment of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order or judgment was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order or judgment, and (4) prejudice to the right of a party to the litigation" (Cover v Cover, 173 AD3d 970, 971; see Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1032). "Once the moving party makes this showing, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (Latterman [*2]v Latterman, 174 AD3d 518, 519; see El-Dehdan v El-Dehdan, 26 NY3d 19, 35).
Here, the plaintiff established by clear and convincing evidence that the defendant violated the child support and maintenance provisions of the stipulation of settlement and judgment of divorce (see Domestic Relations Law § 245; Matter of Binong Xu v Sullivan, 155 AD3d at 1032; Cutroneo v Cutroneo, 140 AD3d 1006, 1008). In opposition, the defendant did not refute the plaintiff's showing or offer evidence establishing a defense (see Bauman v Bauman, 208 AD3d at 626; Matter of Binong Xu v Sullivan, 155 AD3d at 1032).
The defendant's argument that the child support provisions were unenforceable because they failed to include the recitals required by the CSSA was properly rejected by the Supreme Court. "The proper vehicle for challenging the propriety of child support provisions contained in a separation agreement or stipulation of settlement incorporated, but not merged, into a divorce judgment is by either commencing a separate plenary action in which such relief is sought in a cause of action or by motion within the context of an enforcement proceeding" (Barany v Barany, 71 AD3d 613, 614 [internal quotation marks omitted]; see Jagassar v Deonarine, 191 AD3d 650, 651). Here, the record indicates that the defendant did commence a plenary action to vacate the child support provisions but failed to oppose the plaintiff's motion to dismiss, resulting in that action's dismissal. In this action, the defendant could have cross-moved to vacate the child support provisions in response to the plaintiff's contempt motion (see Barany v Barany, 71 AD3d at 614-615; Cruciata v Cruciata, 10 AD3d 349, 350) but failed to do so. Thus, under the circumstances, the court properly rejected the defendant's arguments pertaining to the enforceability of the child support provisions under the CSSA (see Barany v Barany, 71 AD3d at 614-615).
Accordingly, the Supreme Court properly, in effect, granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt for failing to comply with the child support and maintenance provisions of the parties' stipulation of settlement and judgment of divorce.
We decline the plaintiff's request to impose sanctions upon the defendant in connection with this appeal (see 22 NYCRR 130-1.1).
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court