Matter of Smallberg v Meguira
2026 NY Slip Op 03811
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Bradley H. Smallberg, respondent,
v
Rebecca M. Meguira, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-04491, (Docket No. V-3933-18/23B)
Mark C. Dillon, J.P.
Paul Wooten
Laurence L. Love
Elena Goldberg Velazquez, JJ.

Rebecca Meguira, named herein as Rebecca M. Meguira, Forest Hills, NY, appellant pro se.
Jody N. Gerber, New York, NY, for respondent.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated May 3, 2024. The order, insofar as appealed from, after a hearing, granted that branch of the father's petition which was to hold the mother in civil contempt for violating an order of the same court dated May 22, 2023, and directed her to pay a fine in the sum of $500.
ORDERED that the order dated May 3, 2024, is affirmed insofar as appealed from, with costs.
The parties were divorced in 2014 and have one child together, who was born in 2012. In 2023, the father filed a petition, inter alia, to hold the mother in civil contempt for violating a prior order of the Family Court dated May 22, 2023 (hereinafter the prior order). Pursuant to the prior order, the mother was required, among other things, to consult with the father prior to making decisions regarding the child's medical care, to notify the father of all upcoming appointments of any nature contemporaneously with the scheduling of the appointment, and to permit the father to attend and participate in all appointments. The prior order further provided that the child "shall continue to have his regular dental care by his current dentist." In an order dated May 3, 2024, after a hearing, the court, inter alia, granted that branch of the father's petition which was to hold the mother in civil contempt for violating the prior order and directed her to pay a fine in the sum of $500. The mother appeals.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court" (Bauman v Bauman, 208 AD3d 624, 625 [internal quotation marks omitted]; see Shemtov v Shemtov, 153 AD3d 1295, 1295). To prevail on a civil contempt motion, the movant "must establish by clear and convincing evidence that (1) a lawful order or judgment of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order or judgment was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order or judgment, and (4) prejudice to the right of a party to the litigation" (Cover v Cover, 173 AD3d 970, 971; see Matter of Binong Xu v Sullivan, 155 AD3d 1031, 1032). "Once the moving party makes this showing, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (Latterman [*2]v Latterman, 174 AD3d 518, 519; see El-Dehdan v El-Dehdan, 26 NY3d 19, 35).
Here, the father established that there was an unequivocal order of the Family Court dated May 22, 2023, which the mother was aware of, and which the mother violated by failing to timely inform the father of a dental appointment and by scheduling an appointment with a dentist other than the one specified in the prior order, thereby causing the child to be subjected to a second round of X-rays in a 12-day period. In opposition, the mother failed to refute the father's showing or to offer evidence of a defense, such as an inability to comply with the prior order (see Lugo v Torres, 174 AD3d 595).
Accordingly, the Family Court providently exercised its discretion in granting that branch of the father's petition which was to hold the mother in civil contempt (see El-Dehdan v El-Dehdan, 26 NY3d at 29).
DILLON, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court